GEORGE H. MARSHALL *vs.* ORLANDO W. NORCROSS.

Suffolk.   December 13, 1905. — May 17, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence*, Employer's liability.

In an action by a workman against a building contractor by whom he was employed, for injuries from an angle iron which was being removed from an iron girder falling upon him, it appeared that the plaintiff when injured was working on the fifth story of a ten story building in process of construction, that the girder from which the iron fell was on the seventh story, and that no flooring had been placed between the fifth and the seventh stories as required in the construction of iron or steel framed buildings by St. 1901, c. 166, that the plaintiff was an experienced workman fifty-three years of age and had been at work upon the building for three weeks.  There was no evidence that the men engaged in the work of removing the iron from the girder were incompetent, and no evidence of any negligence on the part of the foreman who gave the order for the removal of the iron or on the part of the foreman who directed the plaintiff where to work.  The presiding judge instructed the jury that, if the failure to cover the open stories by flooring was apparent to the plaintiff and he appreciated the risk, he assumed the risk, but submitted the case to the jury who returned a verdict for the plaintiff.  *Held*, that the case should not have been submitted to the jury; that the plaintiff must have known of the absence of the flooring and hence as matter of law assumed the risk of danger arising from non-compliance with the statute.

TORT against Orlando W. Norcross, a general building contractor, doing business under the name of Norcross Brothers, for personal injuries incurred in the manner stated in the opinion between ten and eleven o'clock in the forenoon of November 11, 1901, while the plaintiff was in the employ of the defendant working in the construction of a ten story steel framed brick and stone building, called the Walker Building, on the corner of Boylston Street and Boylston Place in Boston. Writ dated February 15, 1902.

At the trial in the Superior Court before *Bishop*, J. the defendant in his first six requests asked the judge to rule that

the plaintiff was not entitled to recover on any of the six counts of the declaration.

He also asked for the following rulings:

" 7. That even if the jury find that the floors above the plaintiff at the time that he was injured were not covered as required by statute, the defendants are not liable therefor, because the failure to cover the floor was apparent to the plaintiff and the risk therefore assumed by him.

" 8. That the negligence which was the proximate cause of the plaintiff's injury was the negligence of fellow employees, for which the defendants are not responsible in this action."

The judge refused to make the rulings requested, but submitted the case to the jury, leaving it for them to say whether upon the whole evidence the plaintiff was in the exercise of due care or assumed the risk, and whether the proximate cause of the plaintiff's injury was the negligence of fellow employees, and upon the question of assumption of risk giving the instruction the substance of which is stated in the second paragraph of the opinion.

The jury returned a verdict for the plaintiff in the sum of $3,500 ; and the defendant alleged exceptions.

St. 1901, c. 166, to provide for the better protection of workmen on iron or steel framed buildings, referred to above and in the opinion, is now incorporated in substance in R. L. c. 104, §§ 44–46.

*W. H. Hitchcock*, for the defendant.

*W. A. Abbott*, for the plaintiff.

HAMMOND, J.   The plaintiff, an employee of the defendant, was injured by the fall of an angle iron upon him while at work upon the fifth story of a ten story building in process of construction.   The angle iron was being removed from a certain iron girder to which it had been attached, and the jury would have been justified in finding that the fall was due to the negligent conduct of the men who removed it and who were the fellow servants of the plaintiff.

It appeared that no flooring had been placed between the seventh and fifth floors as required by St. 1901, c. 166, and it was contended that this fact was evidence of the negligence of the defendant.   The judge however rightly charged that if this

failure to cover by floors was apparent to the plaintiff and he appreciated the risk, then he assumed the risk. The plaintiff, who was an experienced workman fifty-three years of age, had been at work upon the building three weeks, and upon the evidence there can be no doubt that he knew of the absence of the flooring and hence assumed the risk of danger arising from non-compliance with the statutes.

The men who were engaged in the work of removing the iron from the girder are not shown to have been incompetent men. Both Eastman who was the foreman of the carpenters and iron workers and who gave the order for the removal of the angle iron, and Merz who was the foreman of the masons and as such directed the plaintiff where to work, had the right to assume that due care would be used by the men who were removing the girder, and we see no ground for attributing negligence to either. If there was any negligence it was that of the fellow workmen of the plaintiff.

*Exceptions sustained.*