JOSEPH R. NAIRN, by Next Friend, Respondent, v. NATIONAL BISCUIT COMPANY, Appellant.

Kansas City Court of Appeals, June 18, and October 1, 1906.

1.  **MASTER AND SERVANT:** Negligence: Minor: Statute: Assumption of Risk. Putting a minor to work in contravention of section 6434, Revised Statutes 1899, is negligence, and the master assumes all the risks of danger to the latter. And the defense of contributory negligence cannot prevail.

2.  ———: ———: ———: ———: **Contributory Negligence.** Upon the facts in the record it seems that the plaintiff was of such age as not to appreciate the danger of his employment, and his act at most was mere negligence which would not prevent him from recovering, since such holding would defeat the purpose of the statute.

Appeal from Jackson Circuit Court.—*Hon. Cyrus Crane*, Special Judge.

AFFIRMED.

*Harkless, Crysler & Histed* for appellant.

(1)  The court erred upon the trial in refusing to sustain the demurrer of defendant to plaintiff's evidence, and also upon the conclusion of the whole evidence. (2) The court erred in instructing the **jury.**

*Rust & Campbell* for respondent.

Filed argument.

BROADDUS, P. J.—The plaintiff, a minor, brought this action to recover damages for an injury he received while in defendant's employ. The plaintiff, about fifteen years of age, was employed by defendant in its business, a part of which was the manufacture of candy. He was injured while engaged at work on a certain part of the machinery used in the business. The description of the machinery given by one of defendant's foreman substantially was as follows: There was a table about twenty feet long, in the center of which were two rollers, one on top of the other; one of these rollers was located on the under side of the table, the other came up above the table about one-fourth of an inch; these rollers were operated by means of steam and a belt; there was a small lever running from the table so that the operator could turn the rollers in any desired direction. The purpose of these rollers was to press material into sheets preliminary to cutting them into smaller quantities. The method of doing the work was for the workman to take a batch of material that had been prepared and run it through the rollers from one side of the table to the other, whereupon the motion could be reversed and the material put through to the other side. The space between the rollers would be gradually lessened as the work progressed and finally this alternating movement of the candy between the rollers would result in reducing it to a flat mass of the desired thickness for cutting into smaller pieces. As the material was inclined to stick to the rollers, starch was sifted by the hand upon them to prevent it from so doing.

It was shown that for several weeks prior to the date of plaintiff's injury he had been working in the room where the machinery in question was located, but at another part of the business. He had watched the operation of the machine and knew how it was done. He was put to work on the machine about three days

before his injury. His statement of the occurrence was as follows: "I was rolling out the molasses caramel, and at the time I had just got rolled out the right height [thickness], a quarter of an inch, that was the height they wanted the molasses caramel rolled out. I was just rolling it out for the last two times to get it settled down good when I seen that it was liable to stick on me if I run it through any more, and I had to put starch on it; and I got it out at one end — got the candy out at one end of the rollers and started to throw starch on the rollers, and this candy that had went through, of course, had got these rollers sticky, and as I was throwing starch on the rollers, my hand caught on this sticky stuff and it went under the rollers."

At the close of plaintiff's case and after all the evidence had been introduced defendant interposed a demurrer to plaintiff's right to recover. The theory of the defendant is that there was no negligence shown on the part of the defendant company and that as plaintiff's injury was the result of his own careless act, the court committed error in not sustaining its demurrer to the evidence.

But the defendant has assumed too much. The plantiff's suit was instituted upon the theory that defendant in putting him to work on the machinery in question did an unlawful act and therefore an act of negligence. Section 6434 provides that "no minor shall be required to work between the fixed or traversing parts of any machine while it is in motion by the action of steam, water or other mechanical power." The act of defendant in requiring plaintiff, a minor, to work at said machinery, it being the kind interdicted by the statute as unsafe to minors and women, was an act of negligence. [Lore v. Manufacturing Co., 160 Mo. 608; Bair v. Heibel, 103 Mo. App. 621.]

The fact of defendant's negligence being estab-

lished, the question arises whether there was such contributory negligence on the part of plaintiff as should prevent him from recovering. As we look at the evidence in relation to the character of the machinery, the material manfactured, and the manner in which the machinery was managed by the operator, we have come to the conclusion that its operation was attended with much danger and that consequently great care was required of the workman entrusted with its operation. We conclude that an injury like that of plaintiff is a danger incident to the business, notwithstanding the person engaged in the work may be using the care and caution of a person of ordinary caution. The slightest diversion of the mind from the work in hand may cause the hand of the workman to come in contact with the rollers which will usually result in injury.

The defendant's answer, among other things, alleges that plaintiff's injury occurred as an incident to the business. But it is no defense. When defendant violated the law by requiring plaintiff to work at the machinery in question, it assumed all the risks of danger to the latter. It is not logical or just to permit the defense to prevail under such circumstances. Its obvious inconsistency needs only to be stated to be controverted and overturned. [Stafford v. Adams, 113 Mo. App. 717.]

But, waiving that question, we do not believe that plaintiff, taking into consideration his youth and that want of caution usual with boys of his age, should under the circumstances be charged with contributory negligence. When injured he was sprinkling starch on the rollers to prevent the candy material from sticking to them and, while so doing, inadvertently his fingers came in contact with them, the sticky matter adhering sufficiently to cause his hand to be drawn in between said rollers. It is not probable that the plaintiff was

aware of danger from such a source. And in the absence of the adhesive substance on the rollers there would have been little or no danger attending the mere touch of the fingers to them. The defendant's counsel, seemingly, does not believe that the injury was inflicted in that way. But we think it makes no difference whether it was so inflicted or not. There is nothing to show that plaintiff knowingly placed his hand in danger. The opinion disposes of all other questions raised.

Affirmed. All concur.