ERDMAN v. DEER RIVER LUMBER CO.

(Circuit Court of Appeals, Eighth Circuit. October 11, 1910.)

No. 3,316.

1. MASTER AND SERVANT (§§ 204, 228*)—INJURY TO SERVANT—MACHINERY—STATUTES—ASSUMED RISK—CONTRIBUTORY NEGLIGENCE.

Rev. Laws Minn. 1905, § 1813, declares that all saws and other dangerous appliances in any factory, mill, or workshop shall be so located as not to be dangerous to workmen, and every dangerous place in and about mills, near to which any employé is obliged to pass or to be employed, shall be securely fenced, inclosed, or otherwise protected. *Held* not to exempt the employé from the assumption of risk in working around unguarded machinery, nor relieve him from his own want of ordinary care, which might directly contribute to produce an injury of which he complains.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546, 670, 671; Dec. Dig. §§ 204, 228.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

2. MASTER AND SERVANT (§ 217*)—INJURIES TO SERVANT—ASSUMED RISK.

Plaintiff, a millwright in a sawmill, was employed to make repairs to the machinery at night. He was an experienced millwright, and had been at work in and around the mill for some 3 weeks, and had worked 18 months in a mill of like kind, except that it was a single, instead of a double band saw mill. He was also familiar with the saw and the machinery by which the log and lumber carriers were operated. On being directed to repair or replace a sprocket chain near to the saw, instead of stopping the machinery before attempting to remedy the trouble, as he was authorized to do, he opened the housing and thrust his hand into a known place of great danger next to the saw in an attempt to discover the cause of the trouble and to repair it while the machinery was in motion. His arm came in contact with the saw and was severed. *Held*, that he attempted to perform the work in a dangerous way, when a safe way was open to him, and that he voluntarily assumed the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

3. MASTER AND SERVANT (§ 190*)—INJURIES TO SERVANT—FELLOW SERVANTS—DIRECTIONS OF FOREMAN.

Where plaintiff's foreman, though authorized to hire and discharge employés, was still plaintiff's fellow workman, plaintiff was not entitled to rely on a statement of the foreman that the saw in the mill, by which plaintiff was injured, was properly guarded.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. § 190.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. MASTER AND SERVANT (§ 264*)—INJURIES TO SERVANT—GROUNDS OF NEGLI-
GENCE—PLEADING.

Where, in an action for injuries to a servant, plaintiff did not allege
the dangerous condition of the premises as the ground of recovery, he was
not entitled to have evidence showing such dangerous condition submitted
to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 861–
876; Dec. Dig. § 264.*]

5. MASTER AND SERVANT (§ 154*)—INJURIES TO SERVANT—FAILURE TO WARN.

Where plaintiff, prior to the accident, had become fully acquainted with
the place, and knew as much concerning the dangers of working about the
machinery in the dark within the housing as any of defendant's officers or
employés could have told him or have known, defendant was not negligent
in not informing plaintiff of the dangers surrounding the place in which
he was injured.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 308,
309; Dec. Dig. § 154.*]

In Error to the Circuit Court of the United States for the District
of Minnesota.

Action by William Erdman against the Deer River Lumber Com-
pany. Judgment for defendant, and plaintiff brings error. Affirmed.

P. H. Martin (C. D. O'Brien, on the brief), for plaintiff in error.
John I. Dille (Cobb & Wheelwright, on the brief), for defendant
in error.

Before HOOK and ADAMS, Circuit Judges, and REED, District
Judge.

REED, District Judge. The plaintiff sued the Deer River Lumber
Company, a Minnesota corporation, hereinafter called the defendant,
to recover damages for a personal injury alleged to have been sus-
tained by him because of the defendant's neglect. At the close of all
the evidence the court, on motion of the defendant, directed a verdict
in its favor, upon which judgment was entered, and the plaintiff
brings error.

The defendant owned and was operating a sawmill, and plaintiff
was employed to work therein as a millwright; his duties requiring
him to work in the nighttime. He alleges that the band saw and ma-
chinery about which he was required to work were not, because of
defendant's neglect, sufficiently or properly guarded, or the mill suffi-
ciently lighted, to protect workmen from injury while working around
the same; that in the performance of his duties while working in the
mill, and without knowledge of its defectively guarded and insuffi-
ciently lighted condition, and because of such condition, one of his
arms came in contact with the saw, and was instantly severed or cut
off just below the elbow. The defendant denied any negligence upon
its part, alleged that plaintiff assumed the risk of injury by entering
and continuing in its service in the mill with knowledge and with-
out complaint of its alleged unsafe condition, and that he contributed
by his own neglect to the injury of which he complains.

The testimony shows without dispute that the band saw, and gear-
ing or machinery which immediately operated the carriers for carry-

ing the logs to and the boards from the saw, were inclosed in a housing which completely covered the same, and that they could only be reached or examined by opening a door in the wall of the housing and entering or looking therethrough; that upon the night in question a sprocket chain, which revolved upon a sprocket wheel or wheels within the housing, and located between the upright bands composing the saw, became displaced, the rolls stopped, and a signal was given by the sawyer to the plaintiff, whose duty it was to repair or remedy the same, to do so. Plaintiff in answer to this signal went to the housing, discovered, as he thought, that the sprocket chain was off the wheels, opened the door of the housing, put one arm inside, placed his hand upon or near to the sprocket wheel in an effort to replace or adjust the chain, and in doing so his arm came in contact with the rapidly moving saw and was immediately severed below the elbow; also that plaintiff was an experienced millwright, had been at work in and around the mill for some 3 weeks, and had worked some 18 months in a mill of like kind, except that it was a single instead of a double band saw; that he was familiar with this saw and the machinery by which it and the log and lumber carriers were operated; that upon the day preceding the night of the injury he had been within the housing, and observed and knew the location and movements of the saw and machinery therein, and had assisted in making some repairs thereto; that at the time of his injury the plaintiff had control of the movements of the machinery, and was authorized to stop the same at any time that it became necessary to adjust or remedy any defects in, or displacements of, the chains, gearing, or other machinery within the housing, or in the mill; that he had opened the door of the housing, and observed that there was no light therein, and could not see the location of the saw or machinery, and then put his arm within the housing in the immediate vicinity of the saw, which he knew to be moving rapidly, to ascertain the cause of the trouble, and in doing so his arm was caught and severed as before stated. The plaintiff testified that he was told by the night foreman that the saw was properly guarded, and was directed by him to open the door and discover and remedy the cause of the trouble. The night foreman denied this. There is no testimony that plaintiff or any other employé of the mill was required or expected by the defendant to do any work upon or about the machinery within the housing when the saw or machinery therein were in motion; and the testimony does show that it was a place of great danger to work while the machinery was in motion.

Plaintiff relies upon the common-law duty of the defendant to furnish a reasonably safe place in which to work, and also a statute of the state of Minnesota which, so far as applicable to any question here involved reads as follows:

"All saws, planes, * * * and machinery and other dangerous * * * appliances * * * in any factory, mill, or workshop, shall be so located as not to be dangerous to workmen, or as far as practicable shall be fenced, or otherwise protected. Every dangerous place in and about * * * mills * * * near to which any employé is obliged to pass, or to be employed, shall be securely fenced, inclosed, or otherwise protected." Rev. Laws Minn. 1905, § 1813.

This statute does not exempt the employé from the assumption of the risk in working around unguarded machinery, nor relieve him from his own want of ordinary care which may directly contribute to produce an injury of which he complains. Anderson v. Nelson Lumber Co., 67 Minn. 79, 69 N. W. 630; Glenmont Lumber Co. v. Roy, 126 Fed. 524–528, 61 C. C. A. 506; Denver & R. G. Ry. Co. v. Norgate, 72 C. C. A. 365, 141 Fed. 247, 6 L. R. A. (N. S.) 981.

The conclusion is unavoidable that if plaintiff had stopped the machinery and the movement of the saw, as he was authorized to do, he could have replaced the chain without any danger of injury to himself, or other employés in the mill, from the movement of the saw or other machinery. Instead of so doing, he opened the door of the unlighted housing, thrust his arm into a known place of great danger, and attempted to discover the cause of the trouble and to repair it while the machinery and saw were in full motion. Reasonable impartial minds can reach no other conclusion than that this was an act of gross negligence upon his part, and that such negligence was the direct cause of the injury of which he complains. There were two ways in which he could have replaced the chain upon the sprocket wheels, one of which was absolutely safe and known by him to be so, the other extremely dangerous and so known to him to be. He voluntarily chose the latter way when there was no occasion or necessity for so doing, and in doing so received the injury of which he complains. He cannot, therefore, hold the defendant responsible for an injury which thus directly resulted from his own voluntary and unnecessary choice of the more dangerous of the two ways of doing the work he attempted to do. Gilbert v. B., C. R. & N. Ry. Co., 63 C. C. A. 27, 128 Fed. 529–534.

Some stress is laid upon the fact that plaintiff testified that the night foreman told him that the saw was properly guarded, and directed him to open the door of the housing and remedy the trouble that had caused the rolls to stop; also that the foreman or other proper official of the defendant had failed to inform him of the dangers surrounding the place in which he was employed to work; and that this was sufficient to carry the case to the jury. A sufficient answer to this is (1) that the foreman who hired the plaintiff, and was authorized to do so and to discharge employés, was still but the fellow workman of the plaintiff; (2) that the failure of the defendant to inform plaintiff of the dangerous condition of the premises is not alleged as a ground of recovery; and (3) that plaintiff prior to the accident had become fully acquainted with the place, and knew as much of the dangers of working about the machinery in the dark within the housing as any officer or other employé of the defendant could have known, or could have told him.

The Circuit Court rightly directed a verdict in favor of the defendant, and the judgment thereon is affirmed.