ELIAS BERDOS *vs.* TREMONT AND SUFFOLK MILLS.

Middlesex.    January 27, 1911. — July 24, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Labor*, Employment of children.  *Child.  Negligence*, Due care of child, Violation of statute, In factory, Employer's liability, Proximate cause.  *Proximate Cause.  Words*, " Assumption of risk."

Any person, who suffers special damage from the infraction of St. 1909, c. 514, §§ 56, 61, which in substance prohibit the employment in any factory, workshop or mercantile establishment of a child under fourteen years of age and impose a heavy penalty upon any one who participates in his employment, has a right of action against the violator of the statute.    Per RUGG, J.

If a child under fourteen years of age is injured in a factory whose proprietor has employed him in violation of St. 1909, c. 514, §§ 56, 61, which in substance prohibit the employment in any factory, workshop or mercantile establishment of a child under fourteen years of age and impose a heavy penalty upon any one who participates in his employment, and he can trace his injury to the breach by his employer or his servants or agents of the duty imposed by the statute as its direct and proximate cause, he has a right of action against his employer.

There is no hard and fast rule that at any particular age a minor is presumed to be able to comprehend risks or to be capable of negligence.

It is the law of this Commonwealth that the age of a child is an important, though not a decisive, factor in determining his capacity to exercise care, and that the decision of that question is not helped or hampered by any presumption of fact or of law, and it is commonly a question of fact, to be determined in each case as it arises, whether, considering his age, experience, intelligence, judgment and alertness, the particular child was capable of understanding the nature and extent of the danger in which he was placed.

In an action against the proprietor of a mill by a child, who, while under fourteen years of age, was employed in the mill in violation of St. 1909, c. 514, §§ 56, 61, which prohibit the employment in a mill, workshop or mercantile establishment of a child so young, and received injuries whose proximate cause was the violation of the statutory duty of his employer, the plaintiff in order to recover must prove that at the time of the injury he was in the exercise of due care, and his recovery is barred in case negligence on his part contributed to cause his injuries.

The mere fact that a child under fourteen years of age asked for employment in a mill does not preclude him from recovering from his employer, in case his employer, in violation of St. 1909, c. 514, §§ 56, 61, employs him, for any injury which he receives in the course of his employment and while he is in the exercise of due care and of which the employer's violation of the statute is a direct and contributing cause.

At the trial of an action by a child against the proprietor of a cotton mill for personal injuries received in the mill when the plaintiff was less than fourteen years of age and caused by a violation on the part of his employer of St. 1909, c. 514, §§ 56, 61, prohibiting employment of a child of that age, there was evi-

dence that at the time of the injuries the plaintiff had been in this country about seven weeks, of which four weeks had been spent in the employ of the defendant, that he never before had worked in a factory or mill, that he could not speak or read the English language, that while waiting for his work, which was about spinning mules, he had stood with his back toward some gears covered by a guard or shield, on which one of his hands rested, and that in some way that hand got beyond or under the guard and was injured. No instruction or warning as to such a danger had been given to him. *Held,* that the question, whether the plaintiff was in the exercise of due care, was for the jury.

In an action against the proprietor of a mill by a child under fourteen years of age, whom the defendant, in violation of St. 1909, c. 514, §§ 56, 61, which prohibited the employment in a mill, workshop or mercantile establishment of a child so young, had employed in the mill and who had been injured by his hand being caught in some cogs which were partially exposed, the defense, that by an implied term of his contract of employment the child had assumed all obvious risks of the business, apparatus and place of his work, is not open to the defendant, because, the contract of employment being prohibited by the statute, the defendant cannot be permitted to show the alleged contract and his own consequent criminal guilt in order to interpose a defense.

In an action of tort for personal injuries against the proprietor of a mill by a child under fourteen years of age, whom the defendant, in violation of St. 1909, c. 514, §§ 56, 61, which prohibit the employment in a mill, workshop or mercantile establishment of a child so young, had employed in a mill, no defense is open to the defendant which has for its foundation a term or provision of the illegal contract of employment, but if a defense of so called " assumption of risk " on the part of the plaintiff is in the nature of a contention that the plaintiff's own negligence contributed to cause his injury, or that he was lacking in due care, such a defense is not affected by the statute.

Statement by RUGG, J., of the meaning of the defense, " assumption of risk " by an employee, as used to denote a defense in an action by the employee against his employer for personal injuries received in the course of the employment.

At the trial of an action by a child under fourteen years of age against the proprietor of a cotton mill for personal injuries received in the mill and alleged to have been caused by a violation on the part of the employer of St. 1909, c. 514, §§ 56, 61, prohibiting employment of a child of that age, there was evidence that at the time of the injury the plaintiff had been in this country about seven weeks, of which four weeks had been spent in the employ of the defendant, that he never before had worked in a factory or mill, that he could not speak or read the English language, that while waiting for his work, which was about spinning mules, he had stood with his back toward some gears covered by a guard or shield, on which one of his hands rested, that in some way that hand got beyond or under the guard and was injured and that no instruction or warning as to such a danger had been given to him. *Held,* that there was evidence which would warrant a jury in finding that the breach by the defendant of the duty imposed by the statute was a direct and contributing cause of the injury to the plaintiff.

TORT for personal injuries received by the plaintiff on January 28, 1907, when less than fourteen years of age, while employed in the defendant's factory, the declaration containing

three counts, the first and third counts alleging as the cause of the injury a failure properly to instruct and warn the plaintiff as to the dangers of his employment, and the second count alleging as the cause of the injury "the act of the defendant in employing the plaintiff contrary to the provisions of R. L. c. 106, §§ 28, 33, and acts amendatory thereof." Writ dated January 15, 1908.

In the Superior Court the case was tried before *Hardy*, J. The evidence relating to the injury to the plaintiff is stated in the opinion. The evidence relating to the employment of the plaintiff by the defendant was in substance as follows: When the plaintiff went to the defendant's factory to obtain employment, he was taken to the second hand, to whom he showed a paper which a boy had given him and which he "had been told to show to the boss and get a job." The plaintiff "thought the paper was his" and told the second hand so, and he thought his own name was on the paper. He gave his name as Elias Berdos. No one asked him his age.

At the close of the plaintiff's evidence, the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*H. A. Varnum*, (*F. N. Wier* with him,) for the plaintiff.

*J. J. Rogers*, (*F. E. Dunbar* with him,) for the defendant.

RUGG, J. There was evidence tending to show that the plaintiff at the time of his injuries was less than fourteen years old, and had been in this country about seven weeks, during four of which he had been in the service of the defendant. He had never before worked in a factory, and could not speak or read English. While waiting for his work, which was about spinning mules in a cotton factory, he stood with his back toward some gears covered by a guard or shield, on which one of his hands rested. In some way not exactly explained, this hand got beyond or under the guard, and was cut by the gear. No instructions or warning were given him as to such a danger. The plaintiff testified that he had never looked to see, and did not know that there were gears under the guard.

R. L. c. 106, § 28, as amended by St. 1905, c. 267, (see now St. 1909, c. 514, § 56,) prohibited the employment in any factory, workshop or mercantile establishment, of a "child under the

age of fourteen years," while St. 1906, c. 499, § 1, (see now St. 1909, c. 514, § 61,) imposed a heavy penalty for violation of this law. This statute was passed in the exercise of the police power as a humanitarian measure and in the interest of the physical well-being of the race. It prevents children of immature judgment and undeveloped bodies from working under conditions likely to endanger their health, life or limb. While these considerations are important for society, they are also significant for the child. This statute imposes a duty upon every employer with reference to children under fourteen years of age. It is a general rule of statutory interpretation that a violation of a duty created by statute, resulting in damage to one of the class for whose benefit the duty was established, confers a right of action upon the injured person. A difficulty often arises to determine whether a private right arises for breach of the statutory duty imposed or whether the only consequence is to subject the violator to punishment. It is not enough for a plaintiff to prove a violation of a statute concurrent with his injury, but he must go further and show that a condition to which the statute directly relates has a causal connection with his injury.

It becomes necessary to determine the purpose of this statute. That may be ascertained by the purview of the Legislature in the language it employed, having regard to prevailing social conditions, the evil attacked, the remedy provided, the practical results likely to flow from one interpretation or the other, and the public policy established. Although this statute has educational as well as economic aspects, and may have been enacted in part to supplement the general law as to compulsory school attendance, it is not directed exclusively against illiteracy, as is St. 1911, c. 310, for example. The titles of the various statutes, of which the present is the successor, as well as its context in the chapter of the Revised Laws, entitled " Of employment of labor," indicate that one of its chief purposes is to govern labor conditions. The title of the first statute touching this subject was " An Act in relation to the employment of children in manufacturing establishments," St. 1866, c. 273. In most if not all subsequent revisions of this act, the words, " employment of children " or equivalent language have been used. St. 1876,

c. 52.   Pub. Sts. c. 48.   St. 1883, c. 224.   St. 1885, c. 222.   St. 1887, c. 121.   St. 1888, c. 348.   St. 1892, c. 352.   This statute is a declaration of legislative policy that parents and guardians of children undertaking to act in their own behalf shall no longer be permitted to bargain at all as to the work of children of tender years in specified employments.   It relates to a class who are least able to protect themselves by appreciating and avoiding danger, or to request instructions as to matters beyond their understanding, or to arrange by contract for their protection, or to resist any compulsion arising from their own necessities or other circumstances.   There would be difficulty in discovering instances of failure to comply with the law arising from the tendency of both parties to such failure to conceal the wrongdoing.   The statute has to do with the protection of childhood.   It pertains to a subject of universal interest fundamentally vital in its broader bearings to the future of mankind. These considerations require the inference that the remedy intended by the Legislature against the delinquent employer was not confined to the criminal one.   The right of civil action in addition may well have been regarded as a more efficacious means of compelling observance of the law.   Therefore, while the public purposes of this act are important, any member of the public so situated with reference to its subject matter as to suffer special damage by its infraction has a right of action against the violator of the statute.   *Bourne* v. *Whitman, ante,* 155.   *Norton* v. *Eastern Railroad,* 113 Mass. 366.   *Turner* v. *Boston & Maine Railroad,* 158 Mass. 261, 263.   *Groves* v. *Wimborne,* [1898] 2 Q. B. D. 402.   *David* v. *Britannic Merthyr Coal Co.* [1909] 2 K. B. 146.   *Davis & Sons* v. *Taff Vale Railway,* [1895] A. C. 542.   *Gibson* v. *Dunkerley Brothers,* 102 L. T. Rep. 587.   *Rose* v. *King,* 49 Ohio St. 213.   *Baxter* v. *Coughlin,* 70 Minn. 1. *Pauley* v. *Steam Gauge & Lantern Co.* 131 N. Y. 90.   *Sipes* v. *Michigan Starch Co.* 137 Mich. 258.   This principle was recognized and adopted, although different results were reached in its application, in *Union Pacific Railway* v. *McDonald,* 152 U. S. 262, and in *Menut* v. *Boston & Maine Railroad,* 207 Mass. 12.   This statute does not fall within the class illustrated by *Dahlin* v. *Walsh,* 192 Mass. 163, *Kirby* v. *Boylston Market Association,* 11 Gray, 249, *Atkinson* v. *Newcastle & Gateshead*

*Waterworks Co.* 2 Ex. D. 441, and *Johnston & Toronto Type Foundry Co.* v. *Consumers' Gas Co. of Toronto,* [1898] A. C. 447, which held that the plain purpose of the statutes was to affect only public obligations and to confer no private rights. It follows that a minor who can trace his injury to a breach of the duty imposed by this statute as its direct and proximate cause may have a right of action therefor.

In ordinary actions for personal injury, the plaintiff must prove, as the first branch of his case, that he was himself in the exercise of due care. This involves certain phases ·of the subsidiary questions of assumption of risk and contributory negligence. Minors of tender years, although held to the same rule of law in its general statement as adults, are yet required to exercise only that degree of care which is naturally incident to their youth, inexperience and immature stage of mental development. Although cases have arisen sometimes where the comprehension by the minor of the risks of the employment has been so plain as to warrant a ruling of law, usually that question and the duty and extent of warning resting upon the defendant have raised inquiries of fact. It is common knowledge that children under the age of fourteen are lacking in prudence, foresight and restraint, and that their curiosity and restlessness have a tendency to get them into positions of danger. There is some point in every life where these conditions are present in such degree as to deprive the child of capacity to assume risk intelligently, or to be guilty of negligence consciously. That point varies in different children for divers reasons. There is no hard and fast rule that at any particular age a minor is presumed to be able to comprehend risks or to be capable of negligence. Extreme cases can be stated which obviously fall on one side or the other of the line. In some jurisdictions it has been held that *prima facie* a child under fourteen years of age is presumed not to be capable of contributory negligence. *Tucker* v. *Buffalo Cotton Mills,* 76 S. C. 539, and cases cited. *Tutwiler Coal, Coke & Iron Co.* v. *Enslen,* 129 Ala. 336. But the sounder doctrine seems to be that age is an important though not decisive factor in determining capacity, and that the decision of that question is not helped or hampered by any legal presumption. This is the law of this Commonwealth. *Ciriack*

v. *Merchants' Woolen Co.* 151 Mass. 152, 156. *Sullivan* v. *India Manuf. Co.* 113 Mass. 396. *McCarragher* v. *Rogers,* 120 N. Y. 526. See other cases collected in 17 Ann. Cas. 353. It is commonly a question of fact to be determined in each case as it arises, whether considering his age, experience, intelligence, judgment and alertness, the particular child was capable of understanding the nature and extent of the danger in which he was placed. A situation, which might carry plainly to the mind of an adult comprehension of danger, might make little or no impression upon a child. This might arise either from immaturity or from the lack of the caution and judgment natural to youth. The contributory negligence of a child stands upon the same ground. His carelessness depends not alone upon the act done, but upon the degree of knowledge and intelligence of the actor. This statute by prohibiting the employment of children under fourteen years of age in certain employments does not purport in terms to change the ordinary rules of negligence applicable to actions of tort arising between master and servant, as do certain other statutes. See St. 1909, c. 514, § 143, and c. 363; *Chicago, Burlington & Quincy Railway* v. *United States,* 220 U. S. 559. See also St. 1906, c. 463, Part II. § 245, as amended by St. 1907, c. 392; *Commonwealth* v. *Boston & Lowell Railroad,* 134 Mass. 211; *Jones* v. *Boston & Northern Street Railway,* 205 Mass. 108. A plaintiff employed in violation of its terms must still prove his own due care, though conduct which might be pronounced reasonably cautious in him might fall far short of it in an adult.

Nor was the plaintiff while at work acting in violation of law. The statutes here under consideration are plainly different from those before the court in *Moran* v. *Dickinson,* 204 Mass. 559, in that they impose no penalty upon the child for being employed. The only person subjected to punishment under St. 1906, c. 499, § 1, is one who "employs" or "procures or, having under his control a minor under such age, permits such minor to be employed." This language as well as the general purpose of the statute excludes the idea that the minor himself is included. The circumstance that this plaintiff asked for his own employment does not prevent him from invoking whatever protection the statute may throw around him, nor from relying upon whatever liability may spring from its violation by the defendant.

Considering the age of this plaintiff, his inexperience and ignorance of our language and customs, and his proximity to partially hidden moving machinery, it could not have been ruled properly as matter of law that he was not in the exercise of such care as ought reasonably to have been expected of him. It is plain from the plaintiff's testimony that he did not understand the danger of getting his fingers under the guard, nor can it be said as matter of law that the perils of his position were so plain that a child of his years and inexperience ought to have comprehended them. The circumstances of the case at bar do not bring it within the class of cases like *Burke* v. *Davis,* 191 Mass. 20, *Marshall* v. *Norcross,* 191 Mass. 568, *Simoneau* v. *Rice & Hutchins,* 202 Mass. 82, *Cohen* v. *Hamblin & Russell Manuf. Co.* 186 Mass. 544, *Taylor* v. *Hennessey,* 200 Mass. 263, and *Kelley* v. *Calumet Woolen Co.* 177 Mass. 128.

The violation of the statute by the defendant rendered its negligence a question of fact for the consideration of the jury. It was said in *Bourne* v. *Whitman, ante,* 155, " It is universally recognized that the violation of a criminal statute is evidence of negligence on the part of the violator as to all consequences that the statute was intended to prevent." The subject is there discussed at length and the reasonableness of this rule clearly established. The statute does not go to the extent of conclusively establishing negligence as a part of the penalty for its violation. It is not so drastic in its terms as that under consideration in *Dudley* v. *Northampton Street Railway,* 204 Mass. 443. It is the ordinary penal statute enacted for the protection of a particular class in the community. But it does not mean that a defendant who employs a child in violation of its terms is thereby conclusively rendered liable for every accident which occurs to him, while in the service. It is conceivable that injury might result wholly from the minor's own act so obviously negligent, that it could not be argued intelligently not to have been within his comprehension and quite disconnected with his work. Under such circumstances there could be no recovery. The form of the prohibition in this statute is like that which inhibits travelling by a horse drawn sleigh without bells. R. L. c. 54, § 3. Yet it cannot be contended that one violating this statute is rendered thereby necessarily responsible civilly for the damages of an

accident in which he may be a participant.   The usual rules of negligence are superimposed upon any liability claimed to grow out of the breach of the statute.   *Counter* v. *Couch,* 8 Allen, 436. We are not able to follow in this regard the reasoning of the majority of the court in *Marino* v. *Lehmaier,* 173 N. Y. 530.   The statute does not deprive a defendant, charged in a civil action with liability arising from its violation, of the ordinary defenses except contractual assumption of risk as hereafter pointed out which are open to a defendant in that class of actions.   The violation of the statute, if it has a causal connection with the injuries sustained by the plaintiff, is evidence of negligence.

The statute has, however, the further effect of preventing the defendant from shielding himself behind the defense of contractual assumption of risk.   The reason for this is that this branch of the doctrine of assumption of risk rests upon an implied term of the contract of employment to the effect that the employee assumes all the obvious risks of the business, apparatus and place of his work.   *Murch* v. *Wilson's Sons Co.* 168 Mass. 408.   *Crimmins* v. *Booth,* 202 Mass. 17, 22.   The contract of employment, however, in the case at bar was absolutely prohibited by the terms of the statute, and was therefore an illegal act on the part of the defendant.   The defendant cannot be permitted to show an illegal contract and his own consequent criminal guilt in order to interpose a defense.   Any contractual assumption of risk in the light of the fact that the plaintiff was under fourteen years of age would reveal as an essential element the violation of a penal statute.   No court consciously will enforce, directly or indirectly, an illegal contract.   *O'Brien* v. *Shea,* 208 Mass. 528, and cases cited.   The phrase, " assumption of risk," is sometimes used in another sense as applicable to the intentional and voluntary continuance of labor under conditions, the dangerous nature of which is fully comprehended, both as to its character, extent, and degree of capacity to harm.   When used in this sense sometimes it is resolved into such conduct as is equivalent to an agreement on the part of the employee to relieve the employer from a duty which would otherwise rest on him.   *Leary* v. *Boston & Albany Railroad,* 139 Mass. 580, 587. *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155. *O'Toole* v. *Pruyn,* 201 Mass. 126, 129.   See *Thomas* v. *Quarter-*

*maine,* 18 Q. B. D. 685, 698; *Yarmouth* v. *France,* 19 Q. B. D. 647, 651, 657; *Smith* v. *Baker & Sons,* [1891] A. C. 325, 355, 360.   So far as it involves a contractual element in this sense, it is not available to the defendant for the same reason.   Other parts of the doctrine of assumption of risk are referable generally to due care and negligence.   These are not changed by the statute.   They are explained at length in *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155, and it is not necessary to go over them again here.   See also *Schlemmer* v. *Buffalo, Rochester & Pittsburg Railway,* 205 U. S. 1, 12; *Bagley* v. *Wonderland Co.* 205 Mass. 238, 244.

There is nothing in the statute, however, to indicate an intent that the defense of contributory negligence should be abolished. It does not purport to regulate, further than is implied by other statutes of like character, the civil liability arising between the parties.   Having stamped the act of the employment of minors under the prohibited age as criminal and thereby available as evidence of negligence to one whose civil rights are affected, it leaves undisturbed in any other respect the principles by which liability may be enforced and defense may be established.

This is the general rule as to the interpretation of penal and inhibitory statutes, and has been applied to a wide variety of cases.   *Taylor* v. *Carew Manuf. Co.* 143 Mass. 470.   *Bourne* v. *Whitman, ante,* 155, and cases cited.   *Schlemmer* v. *Buffalo, Rochester & Pittsburg Railway,* 220 U. S. 590, 596.   *Delk* v. *St. Louis & San Francisco Railroad,* 220 U. S. 580, 587.   *Denver & Rio Grande Railway* v. *Norgate,* 72 C. C. A. 365; *S. C.* 202 U. S. 616.   *Erdman* v. *Deer River Lumber Co.* 104 C. C. A. 482.   To give this statute a broader effect would be to go outside the usual canons of statutory construction.   There appears to be no sound reason for establishing an exception respecting particular enactments, which have no especially distinguishing features.   If the Legislature had intended to change the fundamental rules of the law of negligence in the present instance, the expression of such an intention would have been simple.   The great weight of authority as to child labor statutes supports this view.   *Smith* v. *National Coal & Iron Co.* 135 Ky. 671.   *Darsam* v. *Kohlmann,* 123 La. 164, 171, 172. *Queen* v. *Dayton Coal & Iron Co.* 95 Tenn. 458, 465.   *Iron*

*& Wire Co.* v. *Green,* 108 Tenn. 161, 165.    *Sterling* v. *Union Carbide Co.* 142 Mich. 284.    *Syneszewski* v. *Schmidt,* 153 Mich. 438.    *Beghold* v. *Auto Body Co.* 149 Mich. 14.    *Rolin* v. *Tobacco Co.* 141 N. C. 300.    *Gaines Leathers* v. *Blackwell Durham Tobacco Co.* 144 N. C. 330.    *Norman* v. *Virginia-Pocahontas Coal Co.* 68 W. Va. 405.    *Burke* v. *Big Sandy Coal & Coke Co.* 68 W. Va. 421.    *Sharon* v. *Winnebago Furniture Manuf. Co.* 141 Wis. 185, 189.    *Dalm* v. *Bryant Paper Co.* 157 Mich. 550. *Roberts* v. *Taylor,* 31 Ont. 10.    *Nickey* v. *Steuder,* 164 Ind. 189, 196.    (See, however, *Inland Steel Co.* v. *Yedinak,* 172 Ind. 423.)    *Jacobson* v. *Merrill & Ring Mill Co.* 107 Minn. 74.    *Perry* v. *Tozer,* 90 Minn. 431.    *Bromberg* v. *Evans Laundry Co.* 134 Iowa, 38, 46.    *Evans* v. *American Iron & Tube Co.* 42 Fed. Rep. 519, 522.    *Peters* v. *Gille Manuf. Co.* 133 Mo. App. 412, 419. *Nairn* v. *National Biscuit Co.* 120 Mo. App. 144, 147.    *Kirkham* v. *Wheeler-Osgood Co.* 39 Wash. 415.    There is a considerable body of authority which holds that a statute of this sort abrogates the defense of contributory negligence.*    But for the reasons stated the other view seems more consonant with general principles of statutory interpretation and of the law of negligence.

The plaintiff is not entitled to recover unless the violation by the defendant of its statutory duty to him directly contributed to his injury.    The breach of law upon which a plaintiff may found his right of recovery must be not merely a condition or an attendant circumstance, but a contributory cause.    *New-comb* v. *Boston Protective Department,* 146 Mass. 596.    *Moran* v. *Dickinson,* 204 Mass. 559.    *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580.    The injury must be referable to the breach of the statute as a cause.    There was sufficient evidence that the plaintiff's damage was due to the act of the defendant in putting a minor of tender years at work in a position of dan-

---

* *Strafford* v. *Republic Iron & Steel Co.* 238 Ill. 371.    *American Car & Foundry Co.* v. *Armentraut,* 214 Ill. 509.    *Koester* v. *Rochester Candy Works,* 194 N. Y. 92.    *Marino* v. *Lehmaier,* 173 N. Y. 530.    [See however *Lee* v. *Sterling Silk Manuf. Co.* 134 App. Div. (N. Y.) 123.]    *Lenahan* v. *Pittston Coal Mining Co.* 218 Penn. St. 311.    *Stehle* v. *Jaeger Automatic Machine Co.* 220 Penn. St. 617; *S. C.* 225 Penn. St. 348.    *Sullivan* v. *Hanover Cordage Co.* 222 Penn. St. 40.

ger to him on account of his youth, which a more mature person might have avoided. Apparently, the sole cause of the injury was the temperamental uneasiness and heedlessness of the consequences of restless movements characteristic of childhood when placed in the midst of rapidly moving machinery. Hence the violation of the statute may have been found to be a contributing or perhaps the sole cause of the injury suffered. *Hankins* v. *Reimers*, 86 Neb. 307. *Starnes* v. *Albion Manuf. Co.* 147 N. C. 556. *Casteel* v. *Pittsburg Vitrified Paving & Building Brick Co.* 83 Kans. 533. *Casperson* v. *Michaels*, 142 Ky. 314. The injury was not necessarily so remote from the illegal act that there could be no causal connection between the two, as in *Belleveau* v. *S. C. Lowe Supply Co.* 200 Mass. 237, 241. *Stone* v. *Boston & Albany Railroad*, 171 Mass. 536, and the decisions cited in *Davis* v. *John L. Whiting & Son Co.* 201 Mass. 91, 96.

The result is that the plaintiff is entitled to go to the jury upon the question of his own due care. He must make out his case, as does the ordinary plaintiff in cases of negligence. He must also show that his injury resulted from the negligence of the defendant. He may establish this, however, by showing a violation by the defendant of the statute in question and by that alone, provided the violation be found to have contributed directly to the injury. Such proximate cause might arise from the fact that he was a child by reason of his tender years so restless, heedless and active as to be naturally incapable of appreciating the dangers of the position in which he was placed by the defendant. The defense, that the plaintiff assumed by contract the risks which surrounded him, is not open to the defendant. But the defense that the plaintiff contributed to his injury by failure to exercise the degree of care, which the normal child of his age, intelligence and experience ought to have exercised, is open to the defendant. The direction of a verdict for the defendant was error.

*Exceptions sustained.*