EDGAR AMIOT *vs.* MARCUS L. FOSTER.

Worcester.    September 30, 1912. — February 25, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* In use of elevator, Violation of statute.    *Elevator.*

At the trial of an action against a person controlling a building by an employee of one of the tenants therein for personal injuries sustained by a fall from a freight elevator which was furnished by the defendant for use by the tenants, it appeared that the defendant retained control of the elevator and kept it in repair, that the tenants and their employees operated it when they had occasion to use it, that between the back of it and the wall of the well was an opening two and one half feet wide, that the elevator was equipped with a bar which could be lowered across the back or could be kept up, that the plaintiff had been in the employ of the tenant about two and a half years, "had always been around" the elevator during that time and knew of the bar and of the hole between the elevator and the wall, that in helping to place a load on the elevator just before his injury he had backed upon the elevator, that the bar was not down when he started to enter the elevator and that he made no attempt to put it down, and that when two or three feet from the end of the elevator he "stubbed" his heel and fell backward between the elevator and the wall. There was evidence tending to show that the plaintiff might have been caused to fall by a slight depression in the floor of the elevator. *Held,* that as a matter of law the plaintiff was not in the exercise of due care.

One who is in control of an elevator is not liable to a person who, while not in the exercise of due care, is injured by a fall from the elevator by reason of a failure to equip it with the safe-guards required by R. L. c. 104, § 43.

MORTON, J.    This is an action of tort to recover for injuries received by the plaintiff in falling down an elevator well in a build-

ing belonging to the defendant. At the close of the evidence a verdict was ordered for the defendant.* The case is here on report with a stipulation by the parties that if the ruling was right judgment is to be entered for the defendant, but if there was evidence for the jury judgment is to be entered for the plaintiff for $1,000.

We think that the ruling was right. The building, in which the elevator was, consisted of four stories including the ground floor, and was all occupied by tenants of the defendant, of whom the plaintiff's employer, a Mr. Dick, was one. The elevator with the power to run it was furnished by the defendant for the use of the tenants. He retained the control of it and kept it in repair. The tenants and their employees operated it themselves as they had occasion to use it. Between the north end of the elevator and the wall was an opening two and a half feet wide. It was down this opening that the plaintiff fell. On the elevator next to this opening was a wooden bar which could be dropped down across the end of the elevator by the person using it. It was hinged at one end to one of the posts of the elevator, and when not in use stood upright against the post, being held in that position by a clutch. The extent to which the bar would operate as a protection when down was in controversy by reason of the fact that a diagonal iron brace had been put on the elevator by the defendant and the end of the bar fell on that instead of into the latch originally designed for it. The end of the bar projected half or two-thirds of the way by a post on the side of the elevator where the brace was. There was evidence to the effect that if one put his hand on the bar when down and leaned on it, it would slip and would be no protection. But there was also evidence that it "was a protection against any one pressing out or falling over that end that way," as it would seem plain that it must have been. The brace with safety gates at the south end of the elevator where it was entered from the three upper floors, was put on by the defendant about six months before the accident. The bar was not down when the plaintiff fell, and no attempt was made by him to put it down. There was evidence tending to show that it had not been used by the tenants, either before or after the brace was

---

* By *Keating,* J., before whom the case was tried.

put on. The plaintiff had been in Mr. Dick's employ about two and a half years, and as he testified had "always been around this elevator during the time" that he had worked for Mr. Dick, and knew of the bar and of the hole at the north end of the elevator. At the time of the accident he was engaged with a truckman in loading on to the elevator at the fourth floor a panel screen of hard wood ten or eleven feet long and two or three feet high, to be taken from Mr. Dick's place to the storehouse. He was backing on to the elevator with one end of the screen and had backed, as he thought, to within two or three feet of the edge when, as he testified, "I stubbed my heel, stepped backwards and fell right over backwards over the edge of the elevator at the north end," receiving the injuries complained of.

One of the grounds of liability declared on was that the defendant had not complied with the requirements of R. L. c. 104, §§ 4–10, the corresponding provisions of which had been accepted by the city of Worcester, or of those of § 43 of the same chapter; and one of the building inspectors of the city of Worcester was permitted to testify, against the objections of the defendant, in regard to that matter.

The cases of *Taylor* v. *Hennessey*, 200 Mass. 263, and *Freeman* v. *Hunnewell*, 163 Mass. 210, would seem to go far towards disposing of this case on the ground of the plaintiff's want of due care. He backed on to the elevator knowing that the hole was there and that the bar was not down. Such an accident as occurred, if not fairly to be expected as within the range of probability, was at least possible, as the event has shown, and he took no precautions to guard against it. It is no excuse that the bar if down would or might not have been a protection, or that it had not been used. It was there for the express purpose of being used to prevent a person from falling over the edge of the elevator, and until tried and found insufficient no one operating the elevator could neglect to use it except at his peril. If there was a slight depression or worn place in the floor of the elevator, which it is difficult to see in the photographic exhibits submitted to us, where the plaintiff might have stubbed his heel, more rather than less care was required of him by reason thereof. The defendant's failure to comply with the statute or to follow the directions of the inspector of buildings do not affect the question of the plaintiff's due care,

though bearing upon the question of the defendant's negligence. See *Marshall* v. *Norcross,* 191 Mass. 568; *Keenan* v. *Edison Electric Illuminating Co.* 159 Mass. 379.

*Judgment for the defendant.*

*M. M. Taylor,* for the plaintiff.
*F. F. Dresser,* for the defendant.