MARGARET M. DALTON *vs.* GREAT ATLANTIC AND PACIFIC
TEA COMPANY.

Suffolk.    December 2, 1921. — May 19, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Nuisance. Proximate Cause. Actionable Tort. Way,* Public: awning over
sidewalk. *Awning. Municipal Corporations,* Street regulation.

Apart from legislative or municipal authorization, an awning cannot lawfully
be maintained over a sidewalk.

While a license to maintain an awning over a sidewalk legalizes what otherwise
would in legal effect be a nuisance, it affords no protection to the person main-
taining the awning unless its terms are observed.

A person maintaining a nuisance within a public way is liable for damages of
which it is the proximate cause, wholly apart from evidence *aliunde.*

An awning, maintained over a public way in the city of Boston by a tenant of
a building adjoining the way in a manner and at a time which are not in com-
pliance with regulations of the board of street commissioners, is a nuisance;
and, if the violations of the terms of the regulations are the proximate cause
of personal injuries received by a traveller on the highway who came in con-
tact with the awning, the traveller may maintain an action of tort for such
personal injuries against the tenant of the building, although there was no
negligence or wrongful act on the part of the tenant other than the violation
of the terms of the regulation, and although some natural cause or negligent
act of a third person, intervening between the violation of the terms of the
regulation and the injury, contributed to cause the injury.

A regulation of the board of street commissioners of the city of Boston contained
among its terms requirements that "No awning, which is made to roll over
a framework of iron or other material or to fold close to or against a building,
shall be erected or maintained over a highway unless its lowest part is at least
seven feet six inches above the sidewalk. Such awning and all of its cloth
parts shall, unless otherwise ordered by the board, be kept rolled or folded
against the building, except at such times as the sun shines on the part of the
building on which the awning is placed." A tenant of a building violated
the terms of the regulation by maintaining an awning less than seven feet
six inches from the sidewalk and leaving it down after business hours and in
the night time. As ordinarily maintained a cross bar which formed the lowest
part of the awning was six and one half feet from the sidewalk. At a time
when, by reason of the act of a third person or a natural cause, the cross bar
had dropped to within five feet three inches of the sidewalk, a traveller ran
into it in the night time and brought an action of tort against the tenant of the
building for personal injuries thus received. *Held,* that

(1) The ordinance was to be construed as intended so to regulate the con-

struction and maintenance of awnings as not to interfere with the safety of persons rightfully using the way, except as was necessarily involved by compliance with its provisions;

(2) Although other acts or omissions to act may have contributed to the injury, the illegal maintenance of the awning could have been found to have been its proximate cause;

(3) A finding for the plaintiff was warranted.

TORT for personal injuries, caused when the plaintiff, while walking on Neponset Avenue near Holbrook Avenue in Boston, came into contact with an awning owned by the defendant, and alleged to have resulted from "the negligence of said defendant, its agents or its employees, in permitting an awning and awning frame owned or controlled by said defendant to be in a dangerous and defective condition and hanging over said public sidewalk so as to endanger the safety of pedestrians, and which dangerous condition then and there existed and by reason of the negligence of said defendant, its agents or its employees, had so existed for a long period of time prior thereto." Writ dated December 17, 1919.

In the Superior Court, the action was tried before *Lummus*, J. Material evidence is described in the opinion. The regulation of the board of street commissioners, there referred to, was as follows:

"Rule 14. No awning, which is made to roll over a framework of iron or other material or to fold close to or against a building, shall be erected or maintained over a highway unless its lowest part is at least seven feet six inches above the sidewalk. Such awning and all of its cloth parts shall unless otherwise ordered by the Board, be kept rolled or folded against the building, except at such times as the sun shines on the part of the building on which the awning is placed; or to such business places as are closed for a Saturday holiday; and no cloth parts except such as may be rolled or folded against the building shall be attached to such awning or framework.

"Special permits may be issued for the lowering of awnings over street stands to protect fruit or other perishable produce during storms."

The jury found for the plaintiff in the sum of $3,200. The trial judge then ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. A. McCaig,* for the plaintiff.

*J. E. Peakes,* (*M. F. Hall* with him,) for the defendant.

JENNEY, J.   The plaintiff, while travelling on the sidewalk of a public way in that part of Boston known as Neponset, came in violent contact with an iron bar of a movable awning owned and maintained by the defendant, a tenant of a store adjoining the street.   No question is raised as to the plaintiff's due care. The injury was received on June 18, 1918, shortly before 10 P.M. (daylight saving time).

The evidence warranted the jury in finding as follows: Iron rods projected horizontally over the sidewalk and one of them for some time had been bent downward about six inches in the centre.   Where the rod was bent "the deepest part of the bend" was about six and a half feet above the sidewalk.   The awning had been kept down for several months before the accident.   When it was down, the horizontal rods were tied to the upper end of perpendicular rods upon which they were designed to travel by rigid iron rings on their ends.   At the time of the accident, the crossbar of the awning had dropped from place and its end near the building was about three and a half feet above the sidewalk.   Farther out from the building it was at such a distance above the sidewalk that the plaintiff, who was five feet three inches in height, came in contact with it.

There was in evidence the regulation of the board of street commissioners of Boston, printed on page 401.   It did not appear that the cross bar had been out of position for any length of time before the injury.   The defendant offered evidence that, when the store closed at 6:20 P.M. the day of the accident, the awning was down over the sidewalk in a safe condition for travellers and with all its horizontal bars in a proper position to sustain it, with the ends next the wall of the store fastened to the top of the perpendicular bars by a rope.

Apart from legislative or municipal authorization, no person can lawfully maintain an awning over a sidewalk.   *Pedrick* v. *Bailey,* 12 Gray, 161.   *Commonwealth* v. *King,* 13 Met. 115.   *Cushing* v. *Boston,* 128 Mass. 330.   *Aldrich* v. *Boston,* 212 Mass. 512. *Hoey* v. *Gilroy,* 129 N. Y. 132.   *Hibbard, Spencer, Bartlett & Co.* v. *Chicago,* 173 Ill. 91.   A license to maintain such a structure legalizes that form of obstruction which otherwise would con-

stitute what is in legal effect a nuisance. *Attorney General* v. *Williams,* 174 Mass. 476, 483. *Union Institution for Savings* v. *Boston,* 224 Mass. 286, 287. Such license affords no protection unless its terms are observed.

By the plain terms of the ordinance an awning of the kind involved must, unless otherwise ordered by the street commissioners of Boston, be kept rolled or folded against the building except when the sun shines on the part of the building on which the awning is placed, and must be erected or maintained so that its lowest part is at least seven feet six inches above the sidewalk. The jury properly could have found that at the hour of the accident the awning was down and that it was an unlawful structure irrespective of its height.

A person maintaining a nuisance within a public way is liable for damages of which it is the proximate cause, wholly apart from evidence *aliunde. Shipley* v. *Fifty Associates,* 106 Mass. 194. *Stone* v. *Boston & Albany Railroad,* 171 Mass. 536, 544. *Leahan* v. *Cochran,* 178 Mass. 566. The question of proximate cause also arises if the case is considered on the basis that the awning was a lawful structure and that violation of the ordinance was merely evidence of negligence. *Newcomb* v. *Boston Protective Department,* 146 Mass. 596. *Simpson* v. *Phillipsdale Paper Mill Co.* 227 Mass. 430. *Hartnett* v. *Tripp,* 231 Mass. 382.

As there was no evidence of any negligence or other wrong on the part of the defendant except by maintenance of the awning in violation of the terms of the ordinance or of the common law, the question is whether the unauthorized act was an effective and contributing cause of the injury and not merely a condition or an attendant circumstance. *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489.

Admitting that the accident would not have happened but for the wrongful or negligent act of a third person and that said act reasonably ought to have been anticipated or foreseen, the original wrongful act could have been found to have caused the accident, although the precise manner in which it occurred may not have been foreseen. *McDonald* v. *Snelling,* 14 Allen, 290. *Lane* v. *Atlantic Works,* 107 Mass. 104; *S. C.* 111 Mass. 136. *Stone* v. *Boston & Albany Railroad, supra. Butler* v. *New England Structural Co.* 191 Mass. 397. *Hollidge* v. *Duncan,* 199 Mass.

121.  *Hanley* v. *Boston Elevated Railway*, 201 Mass. 55.  *Burke* v. *Hodge*, 217 Mass. 182.  *Leahy* v. *Standard Oil Co. of New York*, 224 Mass. 352.

The fact that a natural cause may have contributed with the unlawful or negligent act of the defendant does not relieve it from liability.  *Salisbury* v. *Herchenroder*, 106 Mass. 458.

While in ordinary cases the question of causation is for the jury, yet when upon all the evidence the court is able to say that the result of the injury was not proximate but remote, it is for the court.  *Lane* v. *Atlantic Works, supra.  Stone* v. *Boston & Albany Railroad, supra.  Glassey* v. *Worcester Consolidated Railway*, 185 Mass. 315.  *Butler* v. *New England Structural Co. supra.  Farrell* v. *B. F. Sturtevant Co.* 194 Mass. 431.

The ordinance is to be construed as intended so to regulate the construction and maintenance of awnings as not to interfere with the safety of persons rightfully using the way, except as was necessarily involved by compliance with its provisions. Although other acts or omissions to act may have contributed to the injury, the illegal maintenance of the awning could have been found to be the proximate cause.  It was the first step in the chain of causation.  Whatever thereafter contributed to the accident was not an independent act but one connected with the unlawful act.  The defendant, when it wrongfully maintained an obstruction in the street, was forewarned that it might turn out to be an object of peril to travellers.  "The particular manifestation of the result of careless conditions is not infrequently quite out of the usual experience, but if the conditions possess elements of negligence, the person responsible for them may also be held responsible for the result."  *Dulligan* v. *Barber Asphalt Paving Co.* 201 Mass. 227, 231.

Where the defendant's servant at the close of day left his truck in the street with its shaft shored up with a plank, and another truckman temporarily left his wagon on the other side of the same street, and the driver of a third truck attempted to pass between the other two and struck that of the defendant, causing the tongue to strike the plaintiff, the judge instructed the jury that if the driver of the third truck exercised due care, then "inasmuch as the defendant's truck was unlawfully in the street, that was to be regarded as the natural and proximate

cause of the injury." This instruction was held to be sufficiently favorable to the plaintiff. *Powell* v. *Deveney*, 3 Cush. 300.

*Lane* v. *Atlantic Works, supra,* is a case where a truck had been left in the street in violation of an ordinance and the plaintiff was injured through the interference of a comrade, thereby causing an iron casting to fall from the truck upon him. Whether the defendant was in fault in leaving the vehicle insecure or in the street, and whether the injury was one which might reasonably have been apprehended as a result of the defendant's conduct, were held to be questions for the jury.

Citing *Lane* v. *Atlantic Works, supra,* it was said in *Gay* v. *Essex Electric Street Railway*, 159 Mass. 238, 241, in a case where it was assumed there was evidence of negligence in leaving cars in the street, "If the cars had been set in motion by other children, and the plaintiff's intestate had been injured by them while lawfully upon the highway, the defendant clearly would have been liable." See also *Stone* v. *Boston & Albany Railroad, supra.* See *Hollidge* v. *Duncan, supra.*

So it has been held that the violation of a statute forbidding the employment of a child under fourteen years of age in a factory, workshop, or manufacturing establishment may be found to have contributed to an injury received by the child so employed. *Berdos* v. *Tremont & Suffolk Mills, supra.* See *Medlin* v. *Bloom*, 230 Mass. 201.

We think that this case is governed by cases like *Lane* v. *Atlantic Works, supra,* and is not within the authority of *Horan* v. *Watertown*, 217 Mass. 185, and cases there cited, and that the plaintiff is entitled to judgment upon the verdict of the jury in accordance with G. L. c. 231, § 120.

The exceptions to the refusal of the court to admit evidence are immaterial and need not be considered.

*Judgment for the plaintiff in accordance with the verdict of the jury.*