(42 App. Div. 321.)

FITCH v. CENTRAL NEW YORK TELEGRAPH & TELEPHONE CO.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

TELEGRAPHS AND TELEPHONES—OBSTRUCTION OF HIGHWAY—INJURY TO PASSER —SUFFICIENCY OF EVIDENCE.

A tree, standing near a pole which supported defendant's telephone wire at the crossing of a highway, fell, breaking the wire from the pole. The overseer of highways removed the fallen tree, and attached the wire to another tree, from which, three days afterwards, it became detached by the wind, injuring plaintiff. If the wire had touched the ground, the circuit would have been broken, and defendant thereby notified of the defect; but defendant had no knowledge of the defect until after the accident. Held, that defendant was not negligent in failing to discover and remedy the defect before the accident.

Merwin, J., dissenting.

Appeal from trial term, Chenango county.

Action by Mary E. Fitch against the Central New York Telegraph & Telephone Company. From a judgment for plaintiff, defendant appeals. Reversed.

The lines of the defendant run through the villages of Oxford and Norwich, which villages are about 8 miles apart. About midway between such villages, the line of the defendant crosses the highway. On the night of the 27th of July, 1896, there was a severe wind storm, which uprooted an apple tree standing near one of the poles which supported the wire of the defendant, and in its fall the tree caught the telephone wire, and dragged it from the pole. The wire became caught in the uppermost branches of the tree, which held it up at such a height above the roadway that it was not dangerous to passersby. The following morning an employé of the overseer of highways cut up and removed the fallen tree, detached the wire therefrom, and attached it to another tree, so that it was about 10 feet above the highway. On the morning of the 31st of July there appears to have been considerable wind, and the wire, from that or some other cause, appears to have become dislodged or loosened from the tree to which it had been attached, so that a top carriage in which the plaintiff was being driven was caught by the wire, about 3 inches from the

top, and as a result the carriage was overturned, and the plaintiff injured. The accident occurred between 9 and 10 o'clock in the morning of the 31st of July. It appears that the officers or agents of the company did not know of any trouble with the wire until between 9 and 10 o'clock in the morning of the day the accident occurred, when it was promptly repaired. It appears from the evidence that, if the telephone wire had touched the ground at any place, the circuit would have been interrupted, communication would have been at once cut off from the offices of the company, and they would at once know that there was some trouble with their wires. It also appeared from the evidence that, when the wire was thrown down by the tree, it was held up above the ground by the branches of the tree, and subsequently by being attached to another standing tree, so that it apparently at no time touched the ground, so as to cut off the current, and thus apprise the company of its being out of order.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

John W. Church, for appellant.

Albert F. Gladding, for respondent.

HERRICK, J. Under section 102 of chapter 566 of the laws of 1890, the defendant had a right to have its lines of wire upon, over, or under the highway, and therefore cannot be treated as a trespasser. The falling of the wire did not happen because of faulty construction, or any inherent weakness in its poles, or in the attachment of the wire thereto, which rendered it unable to resist a wind storm; but it was carried down by a tree, which was uprooted and fell upon it. The defendant did not in fact know of the injury to its lines until the morning of, and about the time of the happening of, the accident to the plaintiff. It then promptly proceeded to repair it.

The only claim of negligence that can be made against the defendant, it seems to me, is in not discovering and repairing the injury to its line between the time of the happening of that injury and the time the accident occurred. Is that claim well founded? It is evident that, under ordinary circumstances, when the wires are torn from the poles, notice will be given of that fact by their dropping to the ground, and causing an immediate interruption of the current, and the consequent cutting off of communication over the wire, thus immediately giving notice to the company. Here, from the peculiar and unusual nature of the accident, the wire, after being torn from its pole, was not only held from the ground, so as to prevent the current from being cut off, but it was held at such a distance above the highway as not to interfere with the traffic over it, and consequently no notice was received in the ordinary way by the defendant; and when it was removed from the fallen tree, and attached to another, it was still in such a position that the current was not interrupted, nor did the wire itself interrupt or interfere with passers-by on the highway.

The peculiar character of this accident to the wire of the defendant, and its attendant circumstances, are of such a nature as not to have been reasonably anticipated by the defendant, and therefore it was not called upon, in the exercise of reasonable diligence, to guard against them. While the defendant might reasonably anticipate that its wires might become broken or dislodged, it also could reasonably

anticipate that it would have prompt and immediate notice of that fact by the interruption of the communication. It could not reasonably anticipate the uprooting of trees, and their falling upon their wires, and yet holding them up from the ground in such a manner as not only to prevent the breaking of the current, but also not to interfere with the passers-by, and thus prevent notice being given. Nor could it reasonably apprehend the happening of accidents of like character, and therefore it was under no obligation to adopt a system of supervision and inspection to guard against such unanticipated and unforeseen dangers. It is one of those accidents that probably could not be guarded against, except by a constant patrol or inspection of the lines; and it seems to me that telephone and telegraph companies are under no greater obligations in that respect than are overseers or commissioners of highways, and as to them it has been held that they are under no obligation to keep the roads in their towns under constant personal supervision. Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473.

I cannot find, from the evidence, that the defendant is chargeable with negligence, and the judgment and order should therefore be reversed, and a new trial ordered; costs to abide the event. All concur, except MERWIN, J., who dissents.