M. A. CRAWFORD, Appellant, v. STANDARD TELEPHONE COMPANY.

Telephones: MAINTENANCE OF LINES: NEGLIGENCE. It is the duty of a telephone company to use reasonable care to maintain its wires along a public highway so as not to imperil the safety of travelers. The question of whether there was a reasonable inspection of the line which would have enabled the company to ascertain that the wire causing plaintiff's injury was not properly supported, and to have put it in repair so as to have avoided the injury to plaintiff, was for the jury.

*Appeal from Clayton District Court.*— HON. L. E. FEL-LOWS, Judge.

TUESDAY, APRIL 7, 1908.

REHEARING DENIED, TUESDAY, SEPTEMBER 29, 1908.

ACTION to recover damages on account of injuries received by plaintiff by reason of coming in contact with a loosened and fallen wire of defendant telephone company while driving in a public highway. The defendant denied plaintiff's allegation of negligence, and at the conclusion of all the evidence defendant's motion for a directed verdict in its favor was sustained, and plaintiff appeals.— *Reversed.*

*J. E. Corlett,* for appellant.

*W. S. Hart* and *D. D. Murphy,* for appellee.

McCLAIN, J.— The injury to plaintiff, due to defendant's telephone wire being detached from its proper support and hanging in the highway, was received on August 8, 1905; and the action of the court in directing a verdict for defendant was without doubt predicated on the assumption that the evidence showed their line to have been duly inspected at this point and found in good order on the 27th of July preceding, and that there is no evidence of a change of condition until four or five days before the accident, when a traveler along the highway found the wire at this point to be loose from its support, but not broken, and tied it back to the pole with a piece of baling wire. The operator at the central station testified that she tested the wires each morning to ascertain whether they were in good condition for sending messages, and found no difficulty with this wire after July 27th until the accident to plaintiff had happened. The argument for appellee is to the effect that it would be unreasonable to hold as a matter of law that there was a duty imposed on the defendant to inspect its wires every four

or five days to ascertain their condition, when there was nothing apparent from the ordinary use of the wires for transmitting messages to suggest that they are not in a safe condition.

Defendant's duty with reference to maintaining its wires along the public highway so as not to imperil the safety of persons using such highway, was to employ reasonable care. *Ward v. Atlantic & Pacific Tel. & Tel. Co.,* 71 N. Y. 81 (27 Am. Rep. 10) ; *Postal Telegraph Cable Co. v. Jones,* 133 Ala. 217 (32 South. 500). We cannot accede to the correctness of the view, expressed in *Fitch v. Central N. Y. Tel. & Tel. Co.,* 59 N. Y. Supp. 140, that so long as a telephone or telegraph wire will carry messages there is no duty to inspect for the purpose of seeing whether it is not hanging loose from its supports and in the highway in such manner as to imperil the safety of travelers. How often such inspection must be made will depend on the circumstances, and we cannot announce as a matter of law that the evidence showing an inspection two weeks before the accident and none in the meantime indicated sufficient exercise of care on the part of the defendant. The question was, we think, for the jury. It cannot be said that there was no defect discoverable after the 27th of July until the wire was found hanging loose four or five days before the accident and tied back to a pole. There is some evidence indicating that the wire was loose in the latter part of July, whether before or after the alleged inspection on the 27th of July is uncertain, and the testimony of the defendant lineman that he found the wire in proper condition on the 27th was not conclusive. The question should have been submitted to the jury to determine whether a reasonable inspection of the line would have enabled the defendant's employés to ascertain that the wire was not properly supported and to have put the line in repair at the place of the accident, so that the injury to plaintiff should not have happened.

The judgment of the trial court is *reversed.*