Thomas McAuley, Respondent, v. United Cigar Stores Company of America, Inc., Appellant.

First Department, February 9, 1923.

Streets — action against abutting owner for personal injuries — plaintiff fell at entrance to defendant's store — fall was caused by accumulation of ice and snow — accident occurred in evening — snow, wind and sleet storm had continued from· morning until time of accident — failure to remove snow and ice not negligence.

The failure of an abutting owner on a public street to remove snow and ice from the entrance to its store does not constitute negligence making it liable for injuries suffered by a person who fell when he was leaving the store, where it appears that on the day of the accident snow fell all day and up until ten-fifty p. m. and was accompanied with a high wind; that the accident happened about eleven p. m., at which time there was an accumulation of snow and ice in front of defendant's store; that the defendant's store was in an exposed position so that the snow drifted very badly in front thereof, and that the condition was called to the attention of an employee of the defendant between five and six o'clock p. m.

Assuming that the storm ceased entirely at five o'clock in the afternoon, sufficient time did not elapse between that time, when outdoor labor customarily ceases work for the day, and the time of the accident to charge the defendant with negligence in failing to remove the snow and ice, even though it was within the building line.

Appeal by the defendant, United Cigar Stores Company of America, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of June, 1922, upon the verdict of a jury for $3,300, and also from an order entered in said clerk's office on the 30th day of June, 1922, denying defendant's motion for a new trial made upon the minutes.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellant.

*Joseph I. Green* [*William Macy* with him on the brief], for the respondent.

Finch, J.:

The action was brought to recover damages for personal injuries sustained by the respondent in having fallen at the entrance to one of appellant's stores as he was leaving the same after making a purchase therein, by reason of an accumulation of snow and ice at such entrance.

According to the records of the Weather Bureau, it had been snowing all day and up until ten-fifty p. m. and continued sleeting thereafter, with a high wind blowing all the time. The accident happened at about eleven p. m., at which time there was

an accumulation of snow and ice in front of the defendant's store, presenting an uneven, hummocky surface, made so by the feet of the persons passing in and out of the store. There is some testimony to the effect that this condition was called to the attention of an employee of the defendant between five and six o'clock P. M. of the same day. The testimony of the plaintiff is that this was a very heavy snowstorm and that the snow was deep enough " to go up on your shins in some places; " that it had stopped snowing between five and six o'clock but that the sidewalks were not cleared at the time of the accident; that the wind was blowing pretty strong and it was cold and that the entrance to this store is particularly exposed to the wind — the plaintiff testifying: " It is one of the windiest corners. * * * I say there is an immense wind whenever there is any blowing at all, because it is an open, wide street, and it comes from three points; it comes from the north and from the east and from the south and blows into that unprotected angle into the door." Manifestly, it would be useless to attempt to clear away the snow under these conditions as the drifting of the snow continued. In addition, even if the storm had ceased entirely at five o'clock in the afternoon, not sufficient time elapsed between that time, when outdoor labor customarily ceases work for the day, and between ten and eleven o'clock the same evening, to charge negligence in failing to clear off snow and ice, even though within the building line. To lay down so strict a rule of conduct for the removal of snow and ice would be impracticable. (*Rusk* v. *Manhattan R. Co.*, 46 App. Div. 100; *Kelly* v. *Manhattan R. Co.*, 112 N. Y. 443.)

It follows that the judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., SMITH, MERRELL and McAVOY, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.