and holders of three other mortgages made by the said Harriet F. Van Zandt, the said Park Mortgage Company, the executors of the said Seybel, the Empire Trust Company acting as successor to said Seybel as trustee under said trust agreement, and James B. Ludlow and Annie Ludlow Winters, co-owners with said Harriet F. Van Zandt of undivided parts of most of the land affected by said trust agreement. The object of the action was to determine rights and liabilities of the respective defendants to certain real property, claimed by the plaintiff, as trustee under the will of Mrs. Van Zandt.

*Almet F. Jenks* and *Eliot Tuckerman* for appellants.

*Charles T. Payne*, and *F. Bayard Rives* for plaintiff, respondent.

*John A. Larkin* for infant defendants, respondents.

*William S. Woodhull* for Empire Trust Company et al., defendants, respondents.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Hogan, Cardozo, Pound, McLaughlin, Crane and Andrews, JJ.

---

Thomas McAuley, Appellant, *v.* United Cigar Stores Company of America, Inc., Respondent.

*Negligence — accumulation of snow and ice in doorway of store — when shopkeeper not chargeable with negligence.*

McAuley v. *United Cigar Stores Co. of America, Inc.*, 204 App. Div. 356, affirmed.

(Argued June 14, 1923; decided July 13, 1923.)

Appeal from a judgment, entered February 14, 1923, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The action was brought to recover damages for personal injuries sustained by the respondent in having fallen at the entrance to one of appellant's stores as he was leaving the same after making a purchase therein, by reason of an accumulation of snow and ice at such entrance. According to the

records of the weather bureau, it had been snowing all day and up until ten-fifty P. M. and continued sleeting thereafter, with a high wind blowing all the time. The accident happened at about eleven P. M., at which time there was an accumulation of snow and ice in front of the defendant's store, presenting an uneven, hummocky surface, made so by the feet of the persons passing in and out of the store. The Appellate Division held that defendant was not chargeable with negligence in failing to keep the doorway clear of snow under such circumstances.

*William Macy* and *Joseph I. Green* for appellant.
*Walter L. Glenney* and *Bertrand L. Pettigrew* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Claim of CHARLES D. FOX, Respondent, *v.* TRUSLOW & FULLE, INC., et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — when compensation properly awarded for death of employee injured while doing an act forbidden by employer.*

*Matter of Fox* v. *Truslow & Fulle, Inc.*, 204 App. Div. 584, affirmed.
(Submitted June 14, 1923; decided July 13, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 14, 1923, unanimously affirming an award of the state industrial board made under the Workmen's Compensation Law. The deceased was a machine attendant in the plant of the employer. She received a cut upon her wrist while cleaning a machine which was then in motion. Infection set in at the site of the cut with the result that death soon after followed. The cleaning of a machine while in motion was strictly forbidden by the employer. The question in the case,