MAX GREEN, Respondent, *v.* ROSE GREEN, Appellant.
ANNA GREEN, Respondent, *v.* ROSE GREEN, Appellant.

First Department, March 20, 1925.

Negligence — actions to recover for personal injuries and loss of services — one plaintiff, wife of other plaintiff, slipped and fell on steps of defendant's house as she was about to enter — plaintiffs went to defendant's house in response to invitation to attend party there — accident happened on Sunday in early evening — snow fell to depth of more than six inches during day and there was some snow and ice on steps but no accumulation — liability cannot be predicated on New York City Code of Ordinances, chap. 22, § 21, requiring property owners to clean sidewalks — defendant owed no special duty to plaintiffs — defendant is not liable.

The defendant is not liable for personal injuries suffered by one of the plaintiffs, wife of the other plaintiff, and for loss of services of the wife, where it appears that the wife slipped and fell on the steps at the entrance to defendant's home where she and her husband were going to attend a party in response to an invitation extended to them by the defendant; that the accident happened on a Sunday at about seven-thirty o'clock in the evening; that more than six inches of snow fell during the day; that there was some snow and ice on the steps though there was no accumulation thereof; and that the evidence is conflicting as to whether or not it was snowing at the time of the accident.

Liability cannot be predicated in this case on section 21 of chapter 22 of the Code of Ordinances of the City of New York, which provides that property owners must clean the snow from sidewalks in front of their homes within four hours after the snow ceases to fall, excepting the hours between nine P. M. and seven A. M., for the evidence does not show that the accident happened four hours after the snow had ceased to fall, and for the further reason that the ordinance is a police regulation and applies only to public sidewalks, and not to building steps within the building line.

It was error for the court to charge that the defendant owed a special duty to the plaintiffs by reason of having invited them to her house.

APPEAL in each of the above-entitled actions by the defendant, Rose Green, from separate judgments of the County Court of the county of Bronx in favor of the respective plaintiffs, entered in the office of the clerk of said county on the 24th day of May, 1924, upon the verdict of a jury for $200 in the first above-entitled action, and for $300 in the second above-entitled action, and also from orders entered in each of said actions on the 23d day of June, 1924, denying defendant's motion for a new trial made upon the minutes.

*Frank J. O'Neill* [*Barnett Cohen* of counsel; *William J. Ahearn* with him on the brief], for the appellant.

*Albert P. Wollheim* [*David Klein* with him on the brief], for the respondents.

FINCH, J.:

The actions are predicated upon the alleged negligence of the defendant in failing to clear the steps of the stoop of her residence from snow and ice, by reason whereof the plaintiff Anna Green suffered personal injuries and her husband sustained damages through loss of her services, etc. The accident happened on January 14, 1923.

The plaintiffs were invited by the defendant to attend a party at her residence. The plaintiff Anna Green while ascending the stoop leading to said residence slipped on the first step thereof and fell, sustaining the injuries complained of. Said plaintiff testified that " there was snow and ice on the bottom " of the stoop, and it is undisputed that the steps were covered with snow. There was no evidence, however, of a previous accumulation of snow and ice. The accident happened on a Sunday at about seven-thirty o'clock in the evening. The records of the Weather Bureau indicate that on the day in question six and six-tenths inches of snow fell, and the defendant produced two witnesses who testified that it was snowing at the time of the accident. The defendant testified that the steps had been cleaned between eleven and twelve o'clock of that day. The respondents' testimony was that it had not snowed for three or four hours before the accident and that the sidewalks in the neighborhood had been cleared of snow. The respondents also rely upon section 21 of chapter 22 of the Code of Ordinances of the City of New York, which provides in part that " Every owner, lessee, tenant, occupant, or other person, having charge of any building or lot of ground in the city, abutting upon any street or public place, where the sidewalk is paved, shall, within 4 hours after the snow ceases to fall, or after the deposit of any dirt or other material upon said sidewalk, remove the snow or

ice, dirt or other material from the sidewalk and gutter, the time between 9 P. M. and 7 A. M. not being included in the above period of 4 hours." (See Cosby's Code of Ordinances [Anno. 1925], p. 493.)

The testimony, however, does not establish that it had ceased snowing for a period of four hours prior to the accident. The testimony of the plaintiff Anna Green at best was insufficient; she said " three or four hours." Moreover, and in any event, the said ordinance clearly is a police regulation applying to the public sidewalks without the building line, whereas the accident occurred within the building line on defendant's private property, so that the said ordinance has no bearing whatsoever upon the question at issue.

The trial court apparently submitted the question to the jury upon the theory that the defendant owed a special duty to the plaintiffs by reason of having invited them to her house, since it charged the jury: " The only thing about it is, when you have a house where you invite me and your neighbors and everybody to come to, within a reasonable time after the storm ceases, if you know we are coming there, it is your duty to take care of your walks so as to make it reasonably safe for the people that you invite in your house."

There appears no reason, however, for holding one who invites a guest to a greater degree of care than is applicable to a store-keeper who invites the public to enter his store for the purpose of trade. In the latter case this court held that there was no negligence in failing to clear off snow and ice within the building line where the storm had ceased at five o'clock and the accident happened between ten and eleven o'clock of the same evening (*McAuley* v. *U. S. Cigar Stores Co.*, 204 App. Div. 356; affd., 236 N. Y. 633), saying: " Even if the storm had ceased entirely at five o'clock in the afternoon, not sufficient time elapsed between that time, when outdoor labor customarily ceases work for the day, and between ten and eleven o'clock the same evening, to charge negligence in failing to clear off snow and ice."

In the case at bar, if it be assumed that the snow ceased falling early in the afternoon, namely, between three and four o'clock, that fact is offset by the fact that the day was Sunday, when it is not usual or easy to employ labor.

It follows that the judgments and orders should be reversed, with costs, and the complaints dismissed, with costs.

CLARKE, P. J., MERRELL, MARTIN and BURR, JJ., concur.

In each case: Judgment and order reversed, with costs, and complaint dismissed, with costs.