JEANNETTE FRIEMAN, Respondent, v. BENJAMIN FRIEMAN, Appellant.—Judgment of separation in favor of plaintiff modified by striking therefrom the sum of forty-five dollars in the third ordering paragraph and substituting therefor the sum of thirty-five dollars, and by striking the sum of $750 from the fourth ordering paragraph and substituting therefor the sum of $500, and, as so modified, the judgment is unanimously affirmed, without costs. Conclusion of law No. 4 modified accordingly. The issues of the status of the separation agreement and of abandonment presented questions of fact. The showing as to the defendant's worth and income, establishing, in our opinion, that such income is no more than $3,900 a year, does not warrant an award of alimony of more than thirty-five dollars a week, which was the amount paid pursuant to and following the separation agreement. In view of the nature of the case and all the circumstances, the sum of $500 is a reasonable counsel fee and an allowance beyond that figure is not justified. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

ANTHONY GALVANO, Respondent, v. S. KLEIN, INC., and ESKAY COAL & FUEL CORPORATION, Defendants, and THE CITY OF NEW YORK, Appellant.— Action to recover damages for personal injuries sustained by plaintiff by reason of a fall upon an icy portion of a sidewalk or driveway. Judgment for plaintiff reversed on the law and the facts and a new trial granted, costs to abide the event. The theory of the plaintiff's case was that he had fallen on an inch or an inch and a half layer of black ice, in existence for about a week, and which had been exposed by the removal of the snow, the falling of which ended eighteen hours before the accident. In the submission of the issue of fact to the jury it was not made clear in the charge of the court that the City could not be held liable if the plaintiff fell upon snow or ice which was due to the snowstorm that ended on February 1, 1934, at midnight (Kelly v. City of New York, 257 App. Div. 863 [2d Dept.], decided May 29, 1939), eighteen hours having elapsed between the ending of that storm and the happening of the accident. It was not made clear to the jury that the only basis upon which liability might be fastened on the City was in the event that the jury found that on February first snow had been removed and an old, dangerous condition of ice exposed, and that such dangerous condition had existed for a period of time that fairly charged the City with knowledge thereof. The question was a close one, in view of the weather report, whether such a condition did exist for a period of time that would charge the City with liability because of the extent of the precipitation that had occurred during January and the temperatures which prevailed during that same period. The interests of justice require a new trial so that a submission of the issue of fact may be had under more pointed instructions to the jury. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

LILLIAN H. GOETSCHIUS, Appellant, v. HAROLD E. FISHER and MAURICE L. BUELL, Individually and as Copartners, and GEORGE R. LANCHANTIN, Individually and as Referee, Respondents.— Action to set aside a contract for the installation of machinery, a mortgage on realty given to secure payment of moneys to become due under said contract, the foreclosure of said mortgage, and for other relief. Order granting defendants' motion to dismiss the complaint under rule 107, Rules of Civil Practice, and the judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.