NINA BORDONARO, Respondent, *v.* BANK OF BLASDELL, Appellant.

Fourth Department, March 6, 1940.

*Joseph A. Marion* [*A. T. O'Neill* of counsel; *Frank M. Osta* with him on the brief], for the appellant.

*Melvin Greene* [*William J. Flynn* of counsel; *Philip A. Laing* with him on the brief], for the respondent.

PER CURIAM. The defendant bank conducts its business in a building owned by it in the village of Blasdell, N. Y. The concrete public sidewalk in front thereof is ten feet nine inches in width. Between the sidewalk and the bank building is a concrete step or ledge five feet in depth, about thirty-nine feet in length extending across the entire front of the building, and eight inches high at the street line and nine inches high at the building wall.

At about eleven-thirty o'clock on Saturday morning, December 11, 1937, the plaintiff, intending to enter the bank, had just stepped from the public sidewalk onto the bank " step " when she slipped, fell and was injured.

A heavy snowstorm occurred the night before the accident and snow was still falling at the time of the accident. The village snowplow passed along the public sidewalk in front of the bank some fifteen minutes before the accident.

According to plaintiff's proofs, about six inches of ice and snow were on the " step " through which a path about a foot wide had been made by the feet of people entering the bank. Plaintiff testified that " It was not level, it was a lump." The public sidewalk was packed down in lumps. Other testimony adduced on plaintiff's behalf was to the effect that mixed snow and ice, which was " not smooth, it was kind of rough, irregular as though it had been trampled down by quite a few feet," covered the " step " to a depth of from one to two inches at the point nearest the public sidewalk; that there were two or three inches of hard snow, covered by a little fallen snow. Plaintiff testified: " I took one step on the top of the ledge, and when I tried to take another step then I tip up."

We are of the opinion that a finding of negligence, based on this evidence, is contrary to and against the weight of evidence. (*Williams* v. *City of New York*, 214 N. Y. 259; *Rankin* v. *Ittner Realty Co.*, 242 id. 339; *Miller* v. *Gimbel Bros., Inc.*, 262 id. 107; *McAuley* v. *United Cigar Stores Co. of America, Inc.*, 204 App. Div. 356; affd., 236 N. Y. 633; *Galvano* v. *Klein, Inc.*, 257 App. Div. 989; *Goldstein* v. *Dattelbaum*, 258 id. 812; *Antenen* v. *New York Telephone Co.*, 271 N. Y. 558; *Kraus* v. *Wolf*, 253 id. 300.)

The judgment and order should be reversed on the law and facts, with costs, and the complaint dismissed, with costs.

All concur, except HARRIS, J., who dissents and votes for reversal and for granting a new trial. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.