ROBERT RAY, Respondent, *v.* NEW YORK TELEPHONE COMPANY, Appellant.

Third Department, October 31, 1940.

*Farren, Herrick & Thacher* [*Charles J. Herrick* of counsel], for the appellant.

*Thomas R. Tillott* [*Jacob M. Frankel* of counsel], for the respondent.

HILL, P. J. Defendant appeals from a judgment of the Schenectady County Court which affirmed a judgment of the Schenectady City Court rendered without a jury. Plaintiff was injured while driving along Consaul road near Schenectady. His car became entangled in wires of the telephone company which had fallen across the highway through the breaking of a telephone pole that stood eleven feet two inches away from the macadam portion of the street. The pole was not decayed, it was practically new. It was broken by being struck by a motor vehicle shortly before seven-fifty-five in the evening of October 5, 1938. There is some variance in the testimony as to the exact time when it was broken causing the wires to fall upon the highway, and also as to when the accident happened. The City Court judge in his opinion finds as to those happenings and as to other relevant facts, that the defendant was notified at seven-fifty-six P. M. and that when its repair force arrived at eight-thirty the wires had been cleared from the road by men sent out by the New York Power and Light Corporation which had a line in that vicinity, and which had received notice at eight-five and had arrived at eight-twenty-five. He further states in the opinion: " When Mrs. Kromp, defendant's witness, arrived at the scene at 8:20 P. M. the Power men were just taking the wires off the road." Plaintiff signed a statement that the accident occurred " at about 8:15 P. M." The judge says in reference to that, " I find that to be about the time of the accident." Defendant is found to be negligent because it did not " dispatch some one to the place where the wires were down * * * to warn traffic." Its repair foreman received notice of the accident at eight o'clock. Within five minutes he started for

the garage, which was three miles from his home, obtained the repair truck and crew, and proceeded three and a half miles to the broken pole, arriving as earlier stated at eight-thirty.

Defendant is not bound to build its line so strong that it cannot be blown or broken down. It does not insure the safety of travelers on the highway from injuries if its poles and wires are properly and lawfully placed, but it is bound to use reasonable care which, under the circumstances here presented, is a high degree, in the maintenance of its line. Its poles, wires and equipment must be strong enough to withstand any violence which reasonably may be anticipated. (*Ward* v. *Atlantic & Pacific Telegraph Co.*, 71 N. Y. 81.)

This accident happened twenty minutes after defendant was notified of the dangerous condition, and failure either to repair within that time or to station a guard to warn travelers has been held to be negligence. The garage which housed the repair truck and equipment was three and a half miles from the scene. It would have taken more than half of the twenty minutes to drive the truck to the scene, if the city ordinance as to speed was observed. More than the remaining brief interval was required to summon the crew. It would be an unreasonable rule to require the telephone company, under conditions here proven, to man its repair truck after usual working hours so as to be ready for instantaneous departure at any hour day or night. (*Fitch* v. *Central New York Telephone Co.*, 42 App. Div. 321; *Ensign* v. *Central New York Telephone Co.*, 79 id. 244; affd., 179 N. Y. 539.) In *McAuley* v. *United Cigar Stores Co. of America, Inc.* (204 App. Div. 356; affd., 236 N. Y. 633) it was stated in the opinion in the lower court concerning an icy sidewalk, " If the storm had ceased entirely at five o'clock in the afternoon, not sufficient time elapsed between that time, when outdoor labor customarily ceases work for the day, and between ten and eleven o'clock the same evening, to charge negligence in failing to clear off snow and ice, even though within the building line."

There is much credible evidence tending to show that plaintiff's own car was in collision with the pole and that his damage resulted therefrom, but the city judge, trier of the facts, has found to the contrary. Under the facts here presented, treating the matter as one of law, sufficient time had not elapsed to create liability.

The judgment should be reversed on the law and the complaint dismissed.

Bliss, Heffernan, Schenck and Foster, JJ., concur.

Judgment reversed on the law and facts and complaint dismissed, with costs.