[Civ. No. 17045.   Second Dist., Div. Three.   Mar. 28, 1950.]

ADA GIBSON, Appellant, v. PAUL GARCIA et al., Defendants; LOS ANGELES TRANSIT LINES (a Corporation), Respondent.

DeForrest Home for Appellant.

Melvin L. R. Harris for Respondent.

SHINN, P. J.—Appeal from a judgment in favor of defendant Los Angeles Transit Lines, following an order sustaining its demurrer to plaintiff's complaint for personal injuries without leave to amend. Appellant recovered judgment by default against defendants Paul and C. M. Garcia in the sum of $25,000, which remains wholly unsatisfied.

Respondent corporation operates a general street railway system in Los Angeles, and maintains wooden poles adjacent to the curbing on Whittier Boulevard near the corner of Spence Street, as part of its system. Appellant was standing on the sidewalk near one of these poles when a 1938 Plymouth automobile, negligently driven by Paul Garcia, collided with the pole. It broke a short distance above the ground and fell on appellant, causing severe injuries. Paragraph IV of the complaint alleges: ''That at the time of the aforesaid accident, defendant, Los Angeles Transit Lines, carelessly and negligently maintained the aforesaid wooden pole in that said pole was rotten and its strength had become badly impaired by rot or termites; that said pole had been in a rotten condition for a long period of time which condition was known to defendant, Los Angeles Transit Lines, or by the exercise of reasonable care, should have been known to said defendant; that said Whittier Boulevard is a main and heavily traveled highway used by thousands of automobiles daily and said defendant, Los Angeles Transit Lines, in the exercise of reasonable care, should have anticipated that accidents would occur upon said highway and that automobiles would be likely to come

over the curbing and strike said pole and that if said pole was permitted to remain in a weakened condition as aforesaid that it would constitute a hazard to persons on the sidewalk and that the same was likely to be caused to fall upon or against said persons, and in particular, upon plaintiff; that the negligence of the defendant, Los Angeles Transit Lines, as aforesaid in maintaining said wooden pole in the condition above described together with the negligence of defendant Paul Garcia, in the operation of his said automobile contributed concurrently to cause the injuries to plaintiff hereinafter complained of.''

It was the duty of respondent to select and maintain poles sufficiently strong to withstand the ordinary strain of weather conditions and other tests of strength likely to be encountered along a busy highway. (*Keller* v. *Pacific Tel. & Tel. Co.*, 2 Cal.App.2d 513, 519 [38 P.2d 182].) It was bound to exercise ordinary care to keep its poles in a safe condition, so as not to expose passersby to an unreasonable risk of harm. The extent of this duty is measured by the standard of foreseeability of injury to the eyes of a reasonably prudent man having regard for the accompanying circumstances. (*Mosley* v. *Arden Farms Co.*, 26 Cal.2d 213, 216 [157 P.2d 372, 158 A.L.R. 872]; 1 Shearman & Redfield on Negligence, § 24; Rest., Torts, §§ 284, 289, 290.) Of course, ''[d]efendant is not bound to build its line so strong that it cannot be blown or broken down. It does not insure the safety of travelers on the highway from injuries if its poles and wires are properly and lawfully placed, but it is bound to use reasonable care. . . . Its poles, wires and equipment must be strong enough to withstand any violence which reasonably may be anticipated.'' (*Ray* v. *New York Telephone Co.*, 260 App.Div. 405 [23 N.Y.S.2d 508, 509], paraphrasing *Ward* v. *Atlantic & Pacific Telegraph Co.*, 71 N.Y. 81 [27 Am.Rep. 10] ; see, also, *Stewart* v. *San Joaquin L. & P. Co.*, 44 Cal.App. 202, 207 [186 P. 160] ; *Royal Indemnity Co.* v. *Midland Counties Public Serv. Corp.*, 42 Cal.App. 628, 632-633 [183 P. 960].) Under the allegations of the complaint, plaintiff would be entitled to prove that respondent's pole was in such an advanced state of deterioration that it could be caused to fall by a relatively light force, such as an ordinary rain or wind storm might produce, or that it might even be upon the verge of falling of its own weight; that respondent knew, or should have known of such condition; and that reasonable precautions were not

taken. Such proof would justify a conclusion that respondent was negligent. Whether the test of ordinary care was met was an issue for the trier of fact. (19 Cal.Jur. § 134, p. 723.)

It is respondent's contention that, as a matter of law, any negligence of which it may have been guilty could not have been the proximate cause of plaintiff's injuries. The termite-weakened pole, it is argued, furnished only the condition upon which the unforeseeable intervening act of Paul Garcia operated independently to cause the harm. In the cases upon which respondent relies in support of this proposition (*Sweet* v. *Los Angeles Railway Co.*, 79 Cal.App.2d 195 [179 P.2d 824]; *Hayden* v. *Paramount Productions, Inc.*, 33 Cal.App.2d 287 [91 P.2d 231]; and *Klarquist* v. *Chamberlain & Proctor*, 124 Cal.App. 398 [12 P.2d 664]), it was determined, either as a matter of law or as a matter of fact, that the condition created by defendant was not, of itself, likely to result in the injury which occurred, and the sole proximate cause of the injury was the intervening act. We must take the facts as they are alleged in the complaint, and as will be developed, the presented questions of fact on the issues of negligence and of proximate cause.

It is well settled that proximate causation is not always arrested by the intervention of an independent force. If the original negligence continues to the time of the injury and contributes substantially thereto in conjunction with the intervening act, each may be a proximate concurring cause for which full liability may be imposed. (*Gerberich* v. *Southern Calif. Edison Co.*, 5 Cal.2d 46 [53 P.2d 948]; *Lacy* v. *Pacific Gas & Electric Co.*, 220 Cal. 97 [29 P.2d 781]; *De Corsey* v. *Purex Corp.*, 92 Cal.App.2d 669, 675 [207 P.2d 616].)

Respondent appears to contend that it is absolved from liability since it was not foreseeable that a motorist would negligently collide with its pole with such force as to cause it to fall upon plaintiff. However, in order to prevent an intervening act from being a superseding cause which will relieve the defendant of responsibility for his negligence, the law does not inevitably require that the precise act be foreseeable. Numerous cases have declared that if the defendant's conduct exposes persons in the class to which plaintiff belongs to a foreseeable risk of injury, and his act or omission contributes substantially to injury of that nature actually occurring, he may be held liable notwithstanding the fact that an unforeseeable independent intervening act is a con-

curring cause. (Prosser on Torts, pp. 369-372, and cases cited; *Sandel* v. *State*, 115 S.C. 168 [104 S.E. 569, 13 A.L.R. 1268].) As the Supreme Court stated in *Taylor* v. *Oakland Scavenger Co.*, 17 Cal.2d 594, 602 [110 P.2d 1044], "the fact that neither party could reasonably anticipate the occurrence of the other concurrent cause will not shield him from liability so long as his own negligence was one of the causes of the injury. (*Herron* v. *Smith Bros., Inc.*, 116 Cal.App. 518 [2 P.2d 1012]; *Sawdey* v. *Producers' Milk Co.*, 107 Cal.App. 467 [290 P. 684].)" (See, also, *Rodriguez* v. *Savage Transportation Co.*, 77 Cal. App.2d 162, 168-169 [175 P.2d 37].)

The principle is recognized in section 435 of the Restatement of Torts: "If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm *or the manner in which it occurred* does not prevent him from being liable." (Emphasis added.) Thus, in *Carroll* v. *Central Counties Gas Co.*, 74 Cal.App. 303 [240 P. 53], which also arose on demurrer, it appeared that the car in which plaintiff was riding went through the railing of a bridge and in falling struck and broke defendant's gas pipe line which was suspended near the bridge, resulting in a fire from which plaintiff's injuries were sustained. Deciding that the complaint presented a question of fact whether defendants had been negligent in the maintenance of its pipe line, the court rejected defendant's contention that since the chain of events leading up to the accident was not foreseeable, it was not liable. It was held that if defendant could reasonably have foreseen that its conduct involved the likelihood of some danger to users of the highway, it would be liable, since its negligence was continuous to the time of the accident, and the type of injury which occurred was foreseeable and hence a natural and probable consequence of its wrongful act. Additional authorities applying the same rule include *Johnson* v. *Kosmos Portland Cement Co.*. (6 Cir.) 64 F.2d 193, explosive gases in empty oil barge exploded by a bolt of lightning; *Mummaw* v. *Southwestern Telegraph & Telephone Co.*, (Mo.App.) 208 S.W. 476, rotten pole caused to fall by unforeseeable fire; *Higgins* v. *Dewey*, 107 Mass. 494 [9 Am.Rep. 63], negligently guarded fire caused to spread in unforeseeable manner; *Munsey* v. *Webb*, 231 U.S. 150 [34 S.Ct. 44, 58 L.Ed. 162], passenger unforeseeably collapses with head protruding from unguarded open elevator door; *Dalton* v. *Great Atlantic & Pacific Tea Co.*, 241 Mass. 400 [135 N.E. 318], plaintiff injured

by awning negligently left over street and thereafter pulled down by unforeseeable third party; *Moore* v. *Townsend,* 76 Minn. 64 [78 N.W. 880], ladder blown down by unusually strong wind; *Derosier* v. ·*New England T. & T. Co.,* 81 N.H. 451 [130 A. 145], electrocution due to negligent maintenance of pole by defendant together with unforeseeable failure of traction company, which jointly occupied the pole, to insulate its equipment; *McDowell* v. *Village of Preston,* 104 Minn.·263 [116 N.W. 470, 18 L.R.A.N.S. 190], horse, frightened by unforeseeable raising of umbrella, running into structure negligently permitted in street by defendant; *Washington & G. R. Co.* v. *Hickey,* 166 U.S. 521 [17 S.Ct. 661, 41 L.Ed. 1101], unforeseeable closing of gates while defendant's horsecar is negligently crossing railroad tracks; *Elder* v. *Lykens Val. Coal Co.,* 157 Pa. 490 [27 A. 545], refuse negligently thrown into stream carried on to plaintiff's land by extraordinary flood; *Salisbury* v. *Herchenroder,* 106 Mass. 458 [8 Am.Rep. 354], sign negligently maintained over street in violation of ordinance blown down by gale of unforeseeable proportions; and *Virginian Ry. Co.* v. *Staton,* (4 Cir.) 84 F.2d 133, injury occurring in unforeseeable manner from negligently protruding railroad spike. It must be conceded, of course, that if the intervening act is reasonably foreseeable, its occurrence will not shield the defendant from liability, for under such circumstances his negligence consists of a failure to guard against the very hazard that the act will occur. (Rest., Torts, § 449, and comment a.) On the other hand, as we have seen, it may not be safely assumed that the unforeseeability of the intervening agency is always a reliable criterion of nonliability.

Although language found in some of the California cases which discuss concurrent causes may not be entirely reconcilable with the views here expressed, we are satisfied that the decisions themselves are not in conflict with the principles we have stated. Without unduly extending this opinion we may say that the facts alleged in the present case distinguish it from cases where the intervening act was committed either deliberately or with knowledge of the existing danger (*Polloni* v. *Ryland,* 28 Cal.App. 51 [151 P. 296] ; *Loftus* v. *Dehail,* 133 Cal. 214 [65 P. 379] ; *Stultz* v. *Benson Lumber Co.,* 6 Cal.2d 688 [59 P.2d 100] ; *Catlin* v. *Union Oil Co.,* 31 Cal.App. 597 [161 P. 29] ; *Newman* v. *Steuernagel,* 132 Cal.App. 417 [22 P.2d 780] ; *Hale* v. *Pacific Tel. & Tel. Co.,* 42 Cal.App. 55 [183 P. 280]. *Cf., Katz* v. *Helbing,* 205 Cal. 629, 636 [271 P. 1062, 62 A.L.R. 825] ) ; and from cases where the defendant was

simply not negligent, and the subsequent act was thus the sole proximate cause of the injury (*Camp* v. *Peel,* 33 Cal.App.2d 612 [92 P.2d 428]; *McMillan* v. *Thompson,* 140 Cal.App. 437 [35 P.2d 419]).

▌ Whether an intervening act is a concurrent cause or a superseding cause of the injury normally presents a question of fact. (*Stockwell* v. *Board of Trustees,* 64 Cal.App.2d 197, 205 [148 P.2d 405], and cases cited.) ▌ If the trier of fact in the present case were to find that a pole carefully maintained in sound condition would have broken under the impact of the collision, and that plaintiff's injuries would thus have been sustained even though respondent had not been negligent, the latter's breach of duty could not be regarded as a substantial cause. (Rest., Torts, § 432, subd. (1).) On the other hand, if it were found that a sound pole would not have broken, and that harm to plaintiff would thus have been prevented by careful maintenance, respondent's omission could be considered a substantial concurring cause. (Carpenter, 20 Cal.L.Rev. 396-397; 38 Am.Jur., § 54, p. 701, § 64, p. 716.) As said in *Keller* v. *Pacific Tel. & Tel. Co., supra,* 2 Cal.App.2d 513, 519, which involved a strikingly similar factual situation, "it is a proper question to submit to the jury as to whether the pole would have broken as a result of the blow received from the automobile under the circumstances of this case, if it had been reasonably sound throughout."

As we have seen, the allegations of the complaint were broad enough to admit of proof from which it could be found that respondent should have reasonably anticipated that its defective pole would be caused to fall and injure passing individuals such as plaintiff, either of its own weight, or by the forces of nature, or by the operation of any one of a number of other possible extraneous forces. If defendant failed to act as a reasonably prudent person to protect plaintiff and others from this hazard, it could be held liable for the injuries resulting from its occurrence. (See *Mars* v. *Meadville Tel. Co.,* 344 Pa. 29 [23 A.2d 856], rotten pole caused to fall by cow bumping it.)

The judgment is reversed with directions to the trial court to overrule the demurrer.

Wood, J., and Vallée, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 25, 1950.