Berliner v Consolidated Edison, Inc. (2019 NY Slip Op 02651)





Berliner v Consolidated Edison, Inc.


2019 NY Slip Op 02651


Decided on April 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8930 151345/13

[*1]Andrew Berliner, et al., Plaintiffs-Appellants,
v
Consolidated Edison, Inc., et al., Defendants-Respondents, Verizon New York, Inc., Defendant.


Pollack, Pollack, Isaac & DeCicco, New York (Michael H. Zhu of counsel), for appellants.
Clark, Gagliardi & Miller, P.C., White Plains (John S. Rand of counsel), for respondents.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered April 24, 2017, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Consolidated Edison Company of New York, Inc. (Con Ed) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
During Superstorm Sandy, plaintiffs and others went outside to see whether fallen trees in their neighborhood could be cleared from the roadway. As they were returning to one of their homes, another tree fell across the roadway and onto a series of overhead utility wires, causing a utility pole to snap, fall over, and strike plaintiffs.
Con Ed, which was responsible for installing and maintaining the pole, established entitlement to judgment as a matter of law by showing that it neither created nor had actual or constructive notice of a dangerous or defective condition in the utility pole (see generally Gordon v American Museum of Natural History , 67 NY2d 836 [1986]). Con Ed submitted affidavits of its operating supervisor, field supervisor, and engineering manager, as well as an expert engineer, stating that the pole that was installed was either a class 2 or class 3 pole, which complied with all applicable government and industry standards for that location and anticipated forces, but the extreme forces created by the falling tree exceeded all industry standards (see Ward v Atlantic & Pac. Tel. Co. , 71 NY 81, 84-85 [1877]; see also PJI 2:207). Furthermore, no defect was found when the pole was inspected about four months before the storm, and none was evident in photographs taken of the fallen pole.
In opposition, plaintiffs failed to raise a triable issue of fact as to whether Con Ed was negligent in installing or maintaining the subject pole. Plaintiffs submitted the affidavit of an expert who opined that the pole was about two inches smaller in circumference than a standard class 2 pole, which made it weaker than such a pole should have been. However, plaintiffs offered no evidence that Con Ed was required to install a class 2, as opposed to a class 3 pole, at the subject location, or that maintaining a two-inch thinner or class 3 pole at that location did not comply with the applicable standard of care.
Since such an accident may occur absent negligence, and the pole was on a public highway, not within the exclusive control of Con Ed, when subjected to hurricane conditions, [*2]plaintiffs cannot rely on the doctrine of res ipsa loquitur to raise an issue of fact as to negligence (see Dermatossian v New York City Tr. Auth. , 67 NY2d 219, 226-228 [1987]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2019
CLERK